Alan Shawn **FEINSTEIN**,
Plaintiff, Appellee,

v.

**SPACE VENTURES, INC.**,
Defendant, Appellant.

No. 92–1939.

United States Court of Appeals,
First Circuit.

Heard Dec. 10, 1992.

Decided March 29, 1993.

Argued by Elizabeth Colt with whom Jeffrey S. Michaelson and Michaelson and Michaelson and Joel W. Mohrman and McGlinchey Stafford Lang were on brief, for defendant, appellant.

Argued by Mark B. Morse, for plaintiff, appellee.

Before TORRUELLA, Circuit Judge, BOWNES, Senior Circuit Judge, and STAHL, Circuit Judge.

STAHL, Circuit Judge.

In this appeal, defendant-appellant Space Ventures, Inc. ("SVI" or "defendant") challenges the entry of a preliminary injunction against it and in favor of plaintiff-appellee Alan Shawn Feinstein ("Feinstein" or "plaintiff").[1]  Finding that the district

1. As an initial matter, we note that plaintiff challenges our jurisdiction to hear this appeal. In so doing, he relies upon authority indicating that an interlocutory order which has the inci-

dental effect of denying injunctive relief can only be appealed under 28 U.S.C. § 1292(a)(1) where the order will have a " 'serious, perhaps irreparable, consequence' " and where it "can be

court erred in determining that plaintiff demonstrated a likelihood of success on the merits of his claim, we vacate and remand.

## I.

## BACKGROUND

On April 8, 1992, plaintiff, a marketer of collectibles, initiated this litigation by filing a four count complaint against defendant SVI, a manufacturer and distributor of trading cards. Counts I and II asserted that defendant had converted certain of plaintiff's goods and had breached a duty of confidentiality owed to plaintiff. Counts III and IV stated that defendant had breached a contract entered into by the parties on September 4, 1991. On April 28, 1992, plaintiff amended his complaint to include a fifth count for unfair competition.[2]

The present appeal concerns only plaintiff's Count II, which is entitled "Breach of Confidentiality." In relevant part, Count II states:

8. On or about January 23, 1991, and divers times thereafter, defendant held goods consisting of a series of trading cards known as the Moon–Mars cards. Said cards had been purchased from defendant by plaintiff and were being held in trust for distribution by defendant; as a bailee.

9. Defendant was obligated to ship the Moon–Mars cards to plaintiff's customers in accordance with the instructions of plaintiff. . . .

15. While acting as a bailee, defendant received confidential information from plaintiff concerning plaintiff's customers.

16. Defendant had a duty not to divulge said information or use the information for its own benefit.

17. Defendant indicated to plaintiff that it has no intention of recognizing its duty, and has caused plaintiff to have reasonable grounds to believe that defendant will breach its duty and shall actively solicit plaintiff's customers. . . . Defendant's principal officer has, in subsequent conversations to plaintiff, orally evidenced his intent to solicit plaintiff's customers.

18. Plaintiff will be irreparably harmed if defendant solicits his customers in that the confidentiality of his customer list will be permanently and irretrievably impaired.

19. As a further result, plaintiff will sustain an irreparable loss to his business reputation for which there is no adequate remedy at law.

Count II concludes with a request for damages and a preliminary and permanent injunction directing defendant (1) to refrain from soliciting plaintiff's customers, (2) to refrain from using plaintiff's customer list, (3) to refrain from selling or distributing plaintiff's customer list, (4) to return plaintiff's customer list, and (5) to provide an account of plaintiff's customers solicited by defendant.

On July 2, 1992, the district court held a hearing on the injunctive relief requested in plaintiff's Count II. At this hearing, plaintiff proceeded as if the duty of confidentiality referenced in Count II was contract-based. More specifically, plaintiff testified that defendant was about to breach an oral agreement between the parties that defendant would not use plaintiff's customer list and would keep the list confidential.[3] Although it is not entirely

---

'effectively challenged' only by an immediate appeal." *See Stringfellow v. Concerned Neighbors in Action,* 480 U.S. 370, 379, 107 S.Ct. 1177, 1183, 94 L.Ed.2d 389 (1987) (quoting *Carson v. American Brands, Inc.,* 450 U.S. 79, 84, 101 S.Ct. 993, 997, 67 L.Ed.2d 59 (1981)). Such authority is inapposite here, however, where the order at issue clearly and directly granted a preliminary injunction after a hearing on plaintiff's request therefor. Accordingly, because 28 U.S.C. § 1292(a)(1) grants us jurisdiction over "interlocutory orders of the district courts . . . grant-

ing . . . injunctions," we find that we have jurisdiction over this appeal.

2. Defendant subsequently counterclaimed for breach of contract.

3. During the course of the hearing, plaintiff also introduced affidavits from Beverly S. Vale and Edward P. Walton tending to support plaintiff's claim that he and defendant had an oral agreement, and that the duty at issue in Count II arose from this agreement.

clear, it seems that the district court also operated under this assumption. In the portion of its ruling which comes closest to addressing (1) whether defendant had a duty not to use the list and to keep the list confidential and (2) how any such duty arose, the district court stated:

> [T]he uncontradicted evidence primarily in the form of testimony from Mr. Feinstein was that the[re] were discussions between him and Mr. White [President of SVI] relating to the confidentiality of these lists and he entered into [the contract under which plaintiff had provided defendant with his customer list] with the express understanding that these lists would be held in confidence and he received assurances to that [e]ffect from Mr. White.
>
> So based on all those things, it's not difficult at all for the Court to determine that ... Mr. Feinstein has a very good chance of succeeding in proving that the list is his property, that it was confidential and that the [d]efendant has no right to use it.[4]

The district court also found that plaintiff would suffer immediate and irreparable harm if the injunction were not granted, that such harm outweighed any harm to defendant, and that the public interest would not be adversely affected by providing plaintiff with the relief requested. *See id.* Therefore, the district court entered an injunction forbidding defendant from using plaintiff's customer list. This appeal followed.

## II.

### DISCUSSION

On appeal, defendant argues, *inter alia*, that the district court erred in ruling that plaintiff had demonstrated a likelihood of success on the merits of his Count II claim. After carefully reviewing the record, we are constrained to agree.

■ It is settled that " 'we scrutinize a district court's decision to grant or deny a preliminary injunction under a relatively deferential glass.' " *Id.* (quoting *Independent Oil & Chem. Workers of Quincy, Inc. v. Procter & Gamble Mfg. Co.*, 864 F.2d 927, 929 (1st Cir.1988)). Thus, unless the district court has made a mistake of law or abused its discretion, we will not disturb its ruling. *See id.* However, " '[a]pplication of an improper legal standard in determining the likelihood of success on the merits or misapplication of the law to particular facts is an abuse of discretion.' " *In re Rare Coin Galleries of America, Inc.*, 862 F.2d 896, 900 (1st Cir.1988) (quoting *Planned Parenthood League v. Bellotti*, 641 F.2d 1006, 1009 (1st Cir.1981)).

■ In this instance, the district court applied an improper legal standard in determining that plaintiff had demonstrated a likelihood of success on the merits of his breach of confidentiality claim. The record indicates that the district court assumed that plaintiff's Count II claim was based upon an oral contract between plaintiff and defendant. The problem with this, though, is that Count II does not sound in contract.[5] As we read it, Count II attempts to set forth a claim for breach of a common law duty not to divulge or use "confidential" information.[6] Thus, the district court's ruling that plaintiff is likely to succeed on his Count II claim, made as it was without reference to common law confidentiality principles, was an abuse of its discretion. Accordingly, the court's entry of the preliminary injunction in favor of plaintiff, which is anchored upon this faulty ruling, must be set aside.[7]

**4.** The district court made these findings in the course of considering, as it must before issuing a preliminary injunction, whether plaintiff was likely to succeed on the merits of his claim. *See, e.g., Narragansett Indian Tribe v. Guilbert*, 934 F.2d 4, 5 (1st Cir.1991).

**5.** Nothing in Count II even remotely suggests that the duty of confidentiality arises from an explicit contractual provision.

**6.** In so stating, we do not decide whether Count II, in its current incarnation, is sufficient to state such a claim.

**7.** Because we find that the district court abused its discretion in determining that plaintiff was likely to succeed on the merits of his breach of confidentiality claim, we vacate and remand without considering defendants' other challenges to the district court's injunction order.

**52**

## III.

### CONCLUSION

For the reasons stated above, the preliminary injunction entered in favor of plaintiff on his breach of confidentiality claim is vacated.[8] This action is remanded to the district court for further proceedings consistent with this opinion.

*Vacated and remanded.*

---

**8.** Of course, defendant should in no way construe our dissolution of the injunction as an endorsement of its argument that it is entitled to use plaintiff's customer list.