39 F.3d 247
 SHEE ATIKA, Plaintiff-Counterclaim Defendant-Appellee,
v.
SEALASKA CORP., Defendant-Counterclaimant Plaintiff-Appellant.
SHEE ATIKA, Plaintiff-Counterclaim Defendant-Appellant,
v.
SEALASKA CORP., Defendant-Counterclaimant Plaintiff-Appellee,
Atikon Forest Products, Inc.; Silver Bay Logging,
Incorporated, Defendants-Counterclaimants-Appellants.
 Nos. 93-35187, 93-35258.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Aug. 2, 1994.
Decided Nov. 4, 1994.
 
 Bruce N. Edwards, Sorenson & Edwards, Seattle, WA, for Shee Atika.
 Bruce R. Gagnon, Atkinson, Conway & Gagnon, Anchorage, AK, for Sealaska Corp.
 Appeals from the United States District Court for the District of Alaska.
 Before: PREGERSON, CANBY, and BOOCHEVER, Circuit Judges.
 CANBY, Circuit Judge:
 
 
 1
 Sealaska Corp. appeals the district court's denial of its motion to enjoin Shee Atika, Inc. permanently from using Sealaska's rock, sand, and gravel without Sealaska's consent. Shee Atika cross appeals. We dismiss Shee Atika's cross appeal, and affirm the district court's order denying Sealaska's request for an injunction.
 
 BACKGROUND
 
 2
 Sealaska is a regional corporation, formed pursuant to the Alaska Native Claims Settlement Act (ANCSA), 43 U.S.C. Sec. 1606. Shee Atika is an urban corporation formed under ANCSA, 43 U.S.C. Sec. 1613(h)(3). Shee Atika owns the surface estate in approximately 22,000 acres on Admiralty Island, much of which is forested. The subsurface estate, including rock, sand, and gravel, is owned by Sealaska. See 43 U.S.C. Secs. 1611, 1613; Tyonek Native Corp. v. Cook Inlet Region, Inc., 853 F.2d 727 (9th Cir.1988). Despite Sealaska's repeated demands, Shee Atika has refused to pay Sealaska for the rock it uses in building roads and other facilities necessary for harvesting timber.
 
 
 3
 In 1992, Shee Atika brought this action, seeking a declaration that it has a right to use rock, sand, and gravel from Sealaska's subsurface estate without paying Sealaska. Sealaska counterclaimed, requesting a permanent injunction prohibiting Shee Atika and those harvesting its timber from taking rock, sand, and gravel without Sealaska's consent.
 
 
 4
 On February 22, 1993, in response to the parties' cross-motions for partial summary judgment, the district court denied Sealaska's request for a permanent injunction. Thereafter, Sealaska brought this interlocutory appeal pursuant to 28 U.S.C. Sec. 1292(a)(1). Shee Atika cross-appealed.
 
 JURISDICTION
 
 5
 Both Shee Atika's cross appeal and Sealaska's appeal are taken pursuant to 28 U.S.C. Sec. 1292(a)(1). That statute gives us jurisdiction over:
 
 
 6
 Interlocutory orders of the district courts ... granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions, except where direct review may be had in the Supreme Court.
 
 
 7
 The district court's February 22 order specifically denied Sealaska's request for an injunction. This appeal therefore falls squarely within the language of section 1292(a)(1).[1] Relying on Carson v. American Brands Inc., 450 U.S. 79, 84, 101 S.Ct. 993, 996-97, 67 L.Ed.2d 59 (1981), however, Shee Atika argues that we do not have jurisdiction to hear Sealaska's appeal unless Sealaska further demonstrates that the district court's order threatens it with imminent irreparable injury.
 
 
 8
 Shee Atika's reliance on Carson is misplaced. In Carson, the Supreme Court considered whether section 1292(a)(1) permitted appeal from an order denying the parties' joint motion for approval of a consent decree that contained an injunction as one of its provisions. Id. at 80, 101 S.Ct. at 994-95. Because the order did not, on its face, deny an injunction, an appeal from the order did not fall precisely within the language of section 1292(a)(1). The Court nevertheless permitted the appeal. The Court stated that, while section 1292(a)(1) must be narrowly construed in order to avoid piecemeal litigation, it does permit appeals from orders that have the "practical effect" of denying an injunction, provided that the would-be appellant shows that the order "might have a serious, perhaps irreparable, consequence." Id. at 84, 101 S.Ct. at 997.
 
 
 9
 We find nothing in Carson to suggest that the requirement of irreparable injury applies to appeals from orders specifically denying injunctions. Carson merely expanded the scope of appeals that can be taken under section 1292(a)(1), but in so doing imposed an additional requirement on appeals that do not fall directly within the meaning of the statute. Sealaska appeals from the direct denial of a request for an injunction. Carson, therefore, is simply irrelevant.[2] We conclude that we have jurisdiction over Sealaska's appeal.
 
 
 10
 We cannot say the same for Shee Atika's cross-appeal. The district court's February 22 order neither denied Shee Atika an injunction, nor directed Shee Atika to do anything. To the extent that the order has the practical effect of denying Shee Atika an injunction (an argument Shee Atika does not make), Shee Atika makes no showing of irreparable injury as required by Carson. Therefore, we have no jurisdiction to entertain Shee Atika's cross-appeal. It is dismissed.
 
 THE MERITS
 
 11
 On the merits, Sealaska's appeal is controlled by our contemporaneous decision in Koniag, Inc. v. Koncor Forest Resource Mgmt. Co., 39 F.3d 991 (9th Cir.1994). In that case we held that, where there is no other practical source of rock, sand, and gravel necessary for the development of a surface estate granted to a village corporation under ANCSA, the subsurface is burdened by a servitude whereby its owner may not unreasonably deny the surface owner access to rock, sand, and gravel necessary for surface development.[3]
 
 
 12
 These conditions obtain here. The parties do not dispute that Shee Atika has no practical source of rock, sand, and gravel other than Sealaska's subsurface estate. Nor do they dispute that Shee Atika's land is valuable principally as a source of timber. Finally, they do not dispute that Shee Atika cannot harvest its timber without using rock, sand, and gravel to build roads, logging camps, and other facilities. Accordingly, Shee Atika has a right not to be unreasonably denied access to Sealaska's rock, sand, and gravel to the extent necessary to harvest its timber. See id. Sealaska's requested complete injunction conflicts with this right, and the district court therefore properly denied the injunction without prejudice.
 
 
 13
 No. 93-35258: DISMISSED.
 
 
 14
 No. 93-35187: AFFIRMED.
 
 
 
 [1]
 We find no merit in Shee Atika's contention that the district court did not in fact deny Sealaska's request for an injunction, but instead merely deferred ruling on it
 
 
 [2]
 This conclusion is consistent with that reached by the overwhelming majority of courts of appeal that have considered the issue. See Feinstein v. Space Ventures, Inc., 989 F.2d 49 n. 1 (1st Cir.1993); United States v. Bayshore Associates, Inc., 934 F.2d 1391, 1395-96 (6th Cir.1991); Atwood Turnkey Drilling, Inc. v. Petroleo Brasileiro, S.A., 875 F.2d 1174, 1176 (5th Cir.1989), cert. denied, 493 U.S. 1075, 110 S.Ct. 1124, 107 L.Ed.2d 1030 (1990); Tri-State Generation & Transmission Ass'n Inc., v. Shoshone River Power, Inc., 874 F.2d 1346, 1351 (10th Cir.1989); Cohen v. Board of Trustees of the Univ. of University of Medicine & Dentistry, 867 F.2d 1455, 1464-67 (3d Cir.1989); Holmes v. Fisher, 854 F.2d 229, 231 (7th Cir.1988); I.A.M. Nat'l Pension Fund Benefit Plan A v. Cooper Indus., Inc., 789 F.2d 21, 24 n. 3 (D.C.Cir.), cert. denied, 479 U.S. 971, 107 S.Ct. 473, 93 L.Ed.2d 417 (1986); Cable Holdings of Battlefield, Inc. v. Cooke, 764 F.2d 1466, 1471 (11th Cir.1985). But see Woodard v. Sage Prods., Inc., 818 F.2d 841, 853 (Fed.Cir.1987) (en banc)
 
 
 [3]
 The scope of an unreasonable denial is delineated in Koniag. The surface owner must pay a reasonable price for the rock, sand and gravel