64 F.3d 666
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
ADVANCED OUTDOOR, INC., a California corporation, Plaintiff-Appellant,
v.
COUNTY OF SAN DIEGO, etc., et al., Defendant-Appellee.
 No. 94-55410.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 6, 1995.
Decided Aug. 14, 1995.
 
 Before: FLETCHER, WIGGINS, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Advanced Outdoor, Inc., appeals the district court's denial of its motion for partial summary judgment and request for injunctive relief in its 42 U.S.C. Sec. 1983 action against the County of San Diego and others, which alleged that its constitutional rights were violated by the County's use of its zoning powers to prevent Advanced Outdoor from acquiring permits to construct a series of billboards. We affirm.
 
 
 3
 1. We have jurisdiction to review the district court's denial of a permanent injunction. See Shee Atika v. Sealaska Corp., 39 F.3d 247, 248-49 (9th Cir. 1994). Because that denial was based upon an inextricably related denial of summary judgment, we review that denial as well. See Marathon Oil Co. v. United States, 807 F.2d 759, 764-65 (9th Cir. 1986), cert. denied, 480 U.S. 940, 107 S. Ct. 1593, 94 L. Ed. 2d 782 (1987). Denials of summary judgment are reviewed de novo. Professional Programs Group v. Department of Commerce, 29 F.3d 1349, 1353 (9th Cir. 1994). Although we review denials of preliminary injunctions for abuse of discretion, Stanley v. University of So. Cal., 13 F.3d 1313, 1319 (9th Cir. 1994), we will not specifically address Advanced's offhand request for a preliminary injunction because it did not even attempt to show the district court that it met the specific standards which permit the grant of a preliminary injunction. See Senate of Cal. v. Mosbacher, 968 F.2d 974, 977 (9th Cir. 1992).
 
 
 4
 2. Advanced argues that the County's refusal to grant the building permits violated its procedural due process rights. However, the district court properly concluded that, because Advanced had no protectable interest in the issuance of the permits, its rights were not violated. "The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." Board of Regents v. Roth, 408 U.S. 564, 569, 92 S. Ct. 2701, 2705, 33 L. Ed. 2d 548 (1972). Property interests "are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law...." Id. at 577, 92 S. Ct. at 2709; see also Bateson v. Geisse, 857 F.2d 1300, 1305 (9th Cir. 1988). The California Supreme Court has held that a billboard in place is a protectable property interest. See Traverso v. People ex rel. Dep't of Transp., 6 Cal. 4th 1152, 1162, 26 Cal. Rptr. 2d 217, 222, 864 P.2d 488 (1993). However, Advanced was never granted a building permit; it therefore had no interest that was violated by the County's refusal to grant one. Nor did the evidence compel a decision that it had a vested right to the building permits once the ZAS permits (administrative sign permits) had issued. The evidence, instead, suggested that further submissions and approvals were required and waiver of any of those was discretionary. See San Diego County Zoning Ordinance Sec. 6211; see also Consaul v. City of San Diego, 6 Cal. App. 4th 1781, 1799, 8 Cal. Rptr. 2d 762, 773 (1992); Avco Community Developers, Inc. v. South Coast Regional Comm'n, 17 Cal. 3d 785, 795, 132 Cal. Rptr. 386, 392, 553 P.2d 546 (1976), cert. denied, 429 U.S. 1083, 97 S. Ct. 1089, 51 L. Ed. 2d 529 (1977). Indeed, all but the first three of Advanced's ZAS permits, which were issued on August 23, 1989, indicated on their face that Advanced was still required to apply for building permits.
 
 
 5
 The record reflects uncertainty. It suggests that, far from having an established policy regarding site plans for billboard permit applications, the County was trying to form a policy as it began to deal with the apparently unanticipated influx of billboard permit applications under the newly adopted Design Guidelines. Even the opinion of County Counsel suffered from inconsistencies--County Counsel opined, for example, that billboards were covered by the Design Guidelines, but also seemed to suggest that the Guidelines could have no effect upon billboards. In any event, Advanced does not explain exactly how the County's refusal to grant waivers denied it procedural due process. It does not object that it was denied any notice or hearing to which it was entitled. Cf. Sinaloa Lake Owners Ass'n v. City of Simi Valley, 864 F.2d 1475, 1481 (9th Cir.), modified, 882 F.2d 1398 (1989), cert. denied, 494 U.S. 1016, 110 S. Ct. 1317, 108 L. Ed. 2d 493 (1990). Nor does it appear that any particular notice was even required. See Bateson, 857 F.2d at 1305. Advanced was well aware of the state of flux concerning its billboard permit applications. In fact, several of the ZAS permits brought the design review issue to its attention. The factual picture is simply far from clear.
 
 
 6
 3. Advanced also suggests that its substantive due process rights have been violated. "[T]he due process clause includes a substantive component which guards against arbitrary and capricious government action, even when the decision to take that action is made through procedures are in themselves constitutionally adequate." Sinaloa, 864 F.2d at 1483. Where, as here, the action complained of does not touch the fundamental rights relating to marriage, family procreation, and bodily integrity, this court "do[es] not require that the government's action actually advance its stated purposes, but merely look[s] to see whether the government could have had a legitimate reason for acting as it did." Wedges/Ledges of Cal., Inc. v. City of Phoenix, 24 F.3d 56, 66 (9th Cir. 1994) (emphasis in original); see also Kawaoka v. City of Arroyo Grande, 17 F.3d 1227, 1234 (9th Cir.), cert. denied, U.S. , 115 S. Ct. 193, 130 L. Ed. 2d 125 (1994); Sinaloa, 864 F.2d at 1484.
 
 
 7
 Advanced argues that the imposition of a moratorium violated substantive due process because it was arbitrarily enacted. It is self-evident that a moratorium on billboard permit applications can be properly enacted for the purpose of protecting public health, safety, or morals. See Metromedia, Inc. v. City of San Diego, 453 U.S. 490, 507-08, 101 S. Ct. 2882, 2892-93, 69 L. Ed. 2d 800 (1981). The question is whether the animus behind the enactment of the moratorium was arbitrary and capricious. We conclude that the evidence does not compel the conclusion that it was. Because the evidence would support a determination that the County had a rational reason for enacting this moratorium, its decision to do so does not appear arbitrary and capricious. See Halverson v. Skagit County, 42 F.3d 1257, 1262 (9th Cir. 1994). Certainly on this record it cannot be said that the County would have had no "legitimate reason for acting as it did." Wedges/Ledges, 24 F.3d at 66; see also Kawaoka, 17 F.3d at 1234. Rather, the evidence could support a determination that the County was faced with an influx of billboard applications by Advanced and others which brought home a problem. The zoning ordinance did not clearly deal with the problems presented by a wholesale invasion of a special community area by a plethora of billboards. Many thought that the invasion would upset the very character of that community and destroy the very values that the County sought to protect when it created a special designation for that community, and also created a special Design Review Board. While the ultimate effect on Advanced's desires may have been regrettable, it cannot be said as a matter of law that the County's action was "'clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals or general welfare."' Sinaloa, 864 F.2d at 1484 (quoting Village of Euclid v. Ambler Realty Co., 272 U.S. 365, 395, 47 S. Ct. 114, 121, 71 L. Ed. 303 (1926). In that, the County's action was not "arbitrary administration" which singled out "one individual to be treated discriminatorily...." Bateson, 857 F.2d at 1303; see also Stubblefield Constr. Co. v. City of San Bernardino, 32 Cal. App. 4th 687, 708-11, 38 Cal. Rptr. 2d 413, 425-26 (1995).
 
 
 8
 4. Advanced also asserts that its equal protection rights were violated by the moratorium enactment, and the subsequent zoning change. In order to prevail it must show that the classification was not "rationally related to a legitimate government purpose." Kadrmas v. Dickinson Pub. Sch., 487 U.S. 450, 458, 108 S. Ct. 2481, 2487, 101 L. Ed. 2d 399 (1988). It is true that the rational basis test would not save the ordinance if its enactment was "'malicious, irrational or plainly arbitrary'." Wedges/Ledges, 24 F.3d at 67 (citation omitted). Essentially, Advanced's equal protection argument is just another evocation of its substantive due process claim, and it, too, fails to support a summary judgment. We cannot say as a matter of law that the County's actions were irrational, malicious, capricious, unreasonable, arbitrary or otherwise rebarbative.
 
 
 9
 As still another facet of its attack, Advanced argues that under California law zoning ordinances may not be discriminatory. See Ross v. City of Yorba Linda, 1 Cal. App. 4th 954, 959-60, 2 Cal. Rptr. 2d 638, 640-41 (1991); Sunset View Cemetery Ass'n v. Kraintz, 196 Cal. App. 2d 115, 123-24, 16 Cal. Rptr. 317, 322-23 (1961). But Advanced has not indisputably shown that the moratorium or the amendment single it out for discriminatory treatment. The moratorium and the amendment do not target Advanced's billboards only, but instead enact a ban on all billboards, regardless of who applies for a permit. Advanced argues that the moratorium was enacted as a result of Director Wasserman's deep and irrational hatred of billboards. But unless Advanced can prove that the effect of the moratorium will be disparate treatment between it and other billboard companies seeking permits, Wasserman's personal dislikes are irrelevant. See Wedges/Ledges, 24 F.3d at 66-67; Kawaoka, 17 F.3d at 1240-41.
 
 
 10
 5. Advanced also argues that its building permit applications should not have been subject to the moratorium because of section 1019(a) of the Zoning Ordinance. However, under California law, "[a] legislative body is generally not bound by the actions of its predecessors. Accordingly, it may amend zoning, general plan, and other provisions applicable to a property without incurring liability." Stubblefield, 32 Cal. App. 4th at 711, 38 Cal. Rptr. 2d at 426; see also Selby Realty Co. v. City of San Buenaventura, 10 Cal. 3d 110, 125, 109 Cal. Rptr. 799, 809, 514 P.2d 111 (1973); Brougher v. Board of Public Works, 205 Cal. 426, 433-34, 271 P. 487 (1928); Atlantic Richfield Co. v. Board of Supervisors, 40 Cal. App. 3d 1059, 1063-65, 115 Cal. Rptr. 731, 733-35 (1974).
 
 
 11
 Finally, under California law "even where a building permit has been issued, it may be revoked by a subsequent ordinance so as to prevent the proposed use" unless the applicant "has made substantial improvements in good faith reliance on the permit." Atlantic Richfield, 40 Cal. App. 3d at 1066, 115 Cal. Rptr. at 736; see also Selby Realty, 10 Cal. 3d at 125-26, 109 Cal. Rptr. at 809; Brougher, 205 Cal. at 432-35. On the evidence before the court, it cannot be said that enforcement of the moratorium against Advanced was improper under California law, which, again, gives Advanced no vested, or other, right to erect its signs.
 
 
 12
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3