MEMORANDUM *
The San Carlos Apache Tribe (Tribe) filed this notice of appeal within 60 days of the filing of the January 8, 2008 order altering the role of the Water Commissioner. Although the notice of appeal was not filed within 60 days of the entry of the district court’s two orders issued August 24, 2007 (referred to collectively as the “Order”) approving the Upper Valley Forbearance Agreement (UVFA) and dismissing the Pumping Complaint as to certain parties, the Order is “inextricably bound up with the order from which appeal is taken.” Idaho Watersheds Project v. Hahn, 307 F.3d 815, 824 (9th Cir.2002). Therefore, the Order merged with the January 8, 2008 order, and the notice of appeal regarding all three orders was timely. See Hook v. Ariz. Dep’t of Corr., 107 F.3d 1397, 1401-02 (9th Cir.1997).
“We ... have jurisdiction to determine our own jurisdiction.” Special Invs., Inc. v. Aero Air, Inc., 360 F.3d 989, 992 (9th Cir.2004). Because the Tribe appeals from an interlocutory decision, we have jurisdiction under 28 U.S.C. § 1292(a)(1) only if the Order: (1) has the “practical effect of the grant or denial of an injunction”; (2) has “serious, perhaps irreparable consequences” for the Tribe; and (3) “can be effectively challenged only by immediate appeal.” Thompson v. Enomoto, 815 F.2d 1323, 1326-27 (9th Cir.1987) (citing Carson v. Am. Brands, Inc., 450 U.S. 79, 84, 101 S.Ct. 993, 67 L.Ed.2d 59 (1981)). Here, the Tribe has not shown that it would experience serious and irreparable harm from the Order. See id. at 1327; see also Shee Atika v. Sealaska Corp., 39 F.3d 247, 249 (9th Cir.1994). The district court held that the Order “does not condone or authorize pumping of sub-flow” and does not effect any “change from the situation that presently exists” except to the extent settling landowners are able to obtain rights under the Globe Equity Decree (Decree). Dist. Ct. Order, Aug. 24, 2007 at 6. The Tribe retains all its rights to enforce the Decree, and has made no showing that the Order changes the status quo.
Furthermore, the Tribe lacks standing to bring this appeal. See Waller v. Fin. Corp. of Am., 828 F.2d 579, 582-83 (9th Cir.1987) (“[A] non-settling defendant, in general, lacks standing to object to a partial settlement ... [except] where it can demonstrate that it will sustain some formal legal prejudice as a result of the settlement.”). For the same reasons that it has not shown any serious and irreparable harm, the Tribe has failed to show it will suffer an injury or legal prejudice stemming from the Order. Id. Nor has the Tribe shown how it would benefit if the Order were vacated, and therefore has not demonstrated that its alleged harm “will [likely] be redressed by a favorable decision.” Renee v. Duncan, 573 F.3d 903, 908-09 (9th Cir.2009) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) (internal quotations omitted)).
The Tribe alleges that it may have greater difficulty and expense enforcing its rights under the Decree because of the Order. Such practical difficulties are not a cognizable legal injury for standing purposes. Waller, 828 F.2d at 584. The Tribe also alleges that, as a practical matter, the Order authorizes and encourages the settling landowners to take Gila River *284 water in violation of the Decree. Indeed, the Order acknowledges that many landowners without rights under the Gila Decree operate wells that are “likely pumping sub-flow.” Dist. Ct. Order, Aug. 24, 2007 at 5. Because the district court is sitting in equity and retains jurisdiction over the decree for the sole purpose of protecting the “rights of the parties under the Decree,” Dist. Ct. Order, Aug. 24, 2007 at 4, we must assume that the district court will resolve the Pumping Complaint in an equitable and judicially expedient manner so as to protect the rights of all the parties to the Decree, including the Tribe’s. See Dist. Ct. Order, August 24, 2007 at 6 (holding that the UVFA does not “in any man'ner inhibit [the district court] from enjoining well pumping, if wells are determined to be pumping water in violation of the Decree”).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.