**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellant*,

v.

EL DORADO COUNTY, California and
CITY OF SOUTH LAKE TAHOE,
*Defendants-Appellees*.

No. 11-17134

D.C. No.
2:01-cv-01520-
MCE-GGH

OPINION

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., Chief District Judge, Presiding

Argued and Submitted
October 16, 2012—San Francisco, California

Filed January 11, 2013

Before: J. Clifford Wallace and Carlos T. Bea,
Circuit Judges, and Jane A. Restani, Judge.[*]

Opinion by Judge Wallace

---

[*] The Honorable Jane A. Restani, Judge for the U.S. Court of International Trade, sitting by designation.

## SUMMARY[**]

### Jurisdiction / Final Order

The panel dismissed for lack of jurisdiction, due to lack of a final appealable order, an appeal from the district court's order suspending a consent decree between the federal government and El Dorado County, pending further hearings.

The panel held that if a district court order deals with a consent decree that has injunctive effects, an appeal from it should be analyzed under the requirements set out in *Carson v. Am. Brands, Inc.*, 450 U.S. 79 (1981). The panel held that the federal government failed to satisfy the *Carson* factors, and concluded that the court lacked jurisdiction at this time to review the district court's order.

### COUNSEL

Karl J. Fingerhood, Andrew J. Doyle, Maggie B. Smith (argued), United States Department of Justice, Environmental and Natural Resources Division, Washington D.C., for Plaintiff-Appellant.

Thomas M. Bruen (argued), Erik A. Reinertson, Law Offices of Thomas M. Bruen, P.C., Walnut Creek, California, for Defendant-Appellee.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## OPINION

WALLACE, Circuit Judge:

The United States of America (government) entered into a consent decree with El Dorado County (County) concerning the clean up of an abandoned landfill located near Lake Tahoe in California. The County shortly thereafter moved to modify the decree, and the district court suspended the decree pending further hearings. The government appealed. The County later moved to dismiss for lack of jurisdiction, arguing that the order was not appealable because it is nonfinal. We have jurisdiction to determine our own jurisdiction, *Special Invs., Inc. v. Aero Air, Inc.*, 360 F.3d 989, 992 (9th Cir. 2004), and we dismiss the appeal.

## I.

The County and the government have a long history with respect to the landfill. Much of the detail is irrelevant to our jurisdiction decision and we will therefore only recount the facts relevant to our determination.

The United States Forest Service (Forest Service) gave the County a permit to operate a landfill on Forest Service land from 1955 through 1971, after which the landfill was closed. In 1996, toxic chemicals were discovered in the groundwater near the landfill. After several rounds of investigation, planning, and negotiation, the Forest Service and the County entered into a consent decree under which the County would be obligated to implement a remedial plan developed by the Forest Service. Soon after beginning implementation, the County discovered alleged defects in the plan and moved to modify the consent decree.

The district court held that (1) the plan contained significant errors; (2) as a result, the implementation costs would be substantially increased; and (3) the government must pay those costs. The district court therefore "suspended" the consent decree "pending further order" and directed that an evidentiary hearing would be held to determine the extent of the government's liability for the increased costs.

## II.

The government argues that we have jurisdiction because (1) the order is a modification of an injunction and therefore falls within 28 U.S.C. § 1292(a)(1); and (2) even if it does not fall under section 1292(a)(1) by its own terms, the order is immediately appealable because it satisfies the extra requirements set out in *Carson v. Am. Brands, Inc.*, 450 U.S. 79 (1981). To solve the issue presented, we analyze the relationship between *Carson* and section 1292(a)(1) in the context of consent decrees.

The text of section 1292(a)(1) allows for interlocutory appeal only of orders "granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions." "*Carson* . . . expanded the scope of appeals that can be taken under section 1292(a)(1), but in doing so imposed an additional requirement on appeals that do not fall directly within the meaning of the statute." *Shee Atika v. Sealaska Corp.*, 39 F.3d 247, 249 (9th Cir. 1994). To satisfy those added requirements, the appealing party must show that the order (1) has "the practical effect of the grant or denial of an injunction"; (2) has "serious, perhaps irreparable consequences"; and (3) can be "effectively challenged only by immediate appeal." *Thompson v. Enomoto*, 815 F.2d 1323, 1326–27 (9th Cir. 1987).

Orders dealing with consent decrees do not fall directly within the language of 1292(a)(1): they are not orders granting, denying, or modifying injunctions by their own terms. However, such orders may have the same practical effect as an injunction, and therefore they demand application of *Carson's* special rules. Thus, a court reviewing an interlocutory order involving a consent decree should apply *Carson*, not just section 1292(a)(1) alone, to determine jurisdiction. *Carson* and our cases construing *Carson* make this relationship clear.

*Carson* itself dealt specifically with a request for approval of a consent decree with injunctive properties. 450 U.S. at 83–84. The implication is therefore that consent decrees do not fit comfortably under section 1292(a)(1) on interlocutory appeal. Thus, even though a "consent decree is an injunction," *Gates v. Shinn*, 98 F.3d 463, 468 (9th Cir. 1996), it is nonetheless subject to additional rules on interlocutory appeal.

This understanding of *Carson* is confirmed by our discussion of the case in *Shee Atika*:

In *Carson*, the Supreme Court considered whether section 1292(a)(1) permitted appeal from an order denying the parties' joint motion for approval of a consent decree that contained an injunction as one of its provisions. *Because the order did not, on its face, deny an injunction, an appeal from the order did not fall precisely within the language of section 1292(a)(1).* The Court nevertheless permitted the appeal.

39 F.3d at 249 (emphasis added) (citation omitted). We thus reinforced the implication from *Carson* that orders involving consent decrees do not fall directly under section 1292.

The proposition is further supported in *Thompson*, in which we applied *Carson* to determine whether an interlocutory order appointing a monitor to oversee a preexisting injunctive consent decree between prisoners and their prison was immediately appealable. *Thompson*, 815 F.2d at 1326–27. *See also Sierra Club, Inc. v. Elec. Controls Design, Inc.*, 909 F.2d 1350, 1353 (9th Cir. 1990) (order denying injunctive consent decree is subject to *Carson*); *EEOC v. Pan Am. World Airways, Inc.*, 796 F.2d 314, 316 (9th Cir. 1986) (same). These cases make clear that the correct approach is to apply *Carson* when presented with an interlocutory appeal from an order that deals with an injunctive consent decree.

## III.

The government seeks to avoid *Carson* by relying on our decision in *Hook v. Arizona*, 120 F.3d 921 (9th Cir. 1997). Much like *Thompson*, *Hook* reviewed a district court's order appointing a special master to oversee implementation of a preexisting consent decree between prisoners and their prison. *Id.* at 925–26. *Hook* characterized the appointment as part of a larger order modifying the consent decree. *Id.* at 926. Without discussion or citation of any authority, *Hook* stated that "[t]he modification order clearly is appealable under 28 U.S.C. § 1292(a)(1)." *Id. Hook* did not mention *Carson* or our cases that apply it.

It is true that while *Carson* and most of our cases considered the *denial* of a consent decree, *Hook* dealt with a

*modification.* The question is whether that difference establishes a proper distinction. We conclude that it does not.

First, *Thompson*, applying *Carson*, considered whether an interlocutory order appointing a monitor to oversee a consent decree was immediately appealable as "an order 'granting, modifying, refusing, or dissolving' the consent decree." 815 F.2d at 1326 (quoting *Carson*, 450 U.S. at 84). We have therefore already clearly recognized that orders modifying consent decrees should be reviewed under *Carson*. *See also Heartwood, Inc. v. U.S. Forest Serv.*, 316 F.3d 694, 699 (7th Cir. 2003) (applying *Carson* to an order vacating a previously established consent decree). *See also United States v. Colorado*, 937 F.2d 505, 507–08 (10th Cir. 1991) (applying *Carson* to an order denying modification of a consent decree).

Second, application of *Carson's* special rules should not hinge on what an order does to a consent decree with injunctive aspects: whether it grants, denies, or modifies. The animating principle of *Carson* is that consent decrees sometimes have the same practical effect as injunctions and can therefore be treated as such on interlocutory appeal if certain additional requirements are satisfied. 450 U.S. at 83 ("Although the District Court's order declining to enter the proposed consent decree did not in terms refus[e] an injunctio[n], it nonetheless had the practical effect of doing so") (internal quotation marks omitted). Thus, just as the modification of an injunction is appealable, the modification of an injunctive consent decree is appealable, but only when the *Carson* requirements are satisfied. Accordingly, it is difficult to understand why *Hook* did not expressly apply *Carson*. Nevertheless, it is clear that based upon *Carson* and our subsequent cases, *Carson* applies here. Therefore, we

disagree with the government's contention that *Hook* provides jurisdiction in this appeal.

We are mindful that our reasoning in some ways depends on labels, and that "[i]n determining the appealability of an interlocutory order under 28 U.S.C. § 1292(a)(1), we look to its substantial effect rather than its terminology." *Turtle Island Restoration Network v. U.S. Dep't of Commerce*, 672 F.3d 1160, 1165 (9th Cir. 2012) (internal quotation marks omitted). However, *Carson* was designed for precisely the situation where an order is injunctive in effect as opposed to on its face. Thus, if the order deals with a consent decree that has injunctive effects, an appeal from it should be analyzed under *Carson*.

## IV.

Applying *Carson*, we hold that the government has not satisfied its burden. We recognize that the order suspends, as opposed to permanently cancels, the consent decree. Whether this "incomplete" modification qualifies as having the same practical effect as a denial of an injunction is an issue we need not decide, however, because the government has not succeeded on the other *Carson* factors.

The government has not shown that it will suffer serious, perhaps irreparable harm if we do not review the district court's order now. The government argues that if the order freeing the County from its obligations is allowed to stand even temporarily, further damage to the landfill site is a serious possibility. However, at worst, the government must pay for the clean up activities itself and then be reimbursed. This kind of harm does not qualify.

> Mere injuries, however substantial, in terms of money, time and energy necessarily expended . . . are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm.

*L.A. Mem'l Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1202 (9th Cir. 1980) (internal quotation marks omitted).

Nor has the government shown that the order can only be challenged by immediate appeal. Once the district court has held its evidentiary hearing and enters the final judgment, the government can appeal the same legal issues. The government argues that the order can only be appealed now because the project will fail if the County is not required to continue clean up. This is merely a repetition of the government's harm arguments, and fails for the same reason. As stated before, at worst, the government must pay for the clean up itself and then be reimbursed. That situation has no impact on the reviewability of the underlying legal issue.

Because the government has failed to satisfy the *Carson* factors, we do not have jurisdiction at this time. The motion to dismiss is therefore granted.

**APPEAL DISMISSED.**