**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 15 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROY FISHER; et al., | No. 14-15204 |
| Plaintiffs - Appellees, | D.C. Nos.   4:74-cv-00090-DCB |
| UNITED STATES OF AMERICA, |                 4:74-cv-00204-DCB |
| Intervenor-Plaintiff - Appellee, | MEMORANDUM[*] |
| v. | |
| TUCSON UNIFIED SCHOOL DISTRICT, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Argued and Submitted November 19, 2014
San Francisco, California

Before: THOMAS, Chief Judge, and REINHARDT and CHRISTEN, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

The Tucson Unified School District appeals four interlocutory orders issued by the district court in this school desegregation case. We dismiss the appeal.

As an initial matter, we grant the District's and the Mendoza Plaintiffs' unopposed motions for judicial notice, as well as the District's supplemental request for judicial notice. We take judicial notice of the district court filings in this case that postdate the District's notice of appeal.

The District argues that this court has jurisdiction under 28 U.S.C. § 1292(a)(1) because the appealed orders "modified and amended prior existing injunctive orders, namely the Appointment Order . . . and the USP . . . ." The Unitary Status Plan can be characterized as a consent decree. We therefore apply the three-part test set forth by the Supreme Court in *Carson v. American Brands, Inc.*, 450 U.S. 79 (1981), to determine whether this court has jurisdiction under section 1292(a)(1). *United States v. El Dorado Cnty., Cal.*, 704 F.3d 1261, 1263 (9th Cir. 2013) ("[A] court reviewing an interlocutory order involving a consent decree should apply *Carson*, not just section 1292(a)(1) alone, to determine

jurisdiction.")[1] The District must show the appealed orders: (1) have the practical effect of modifying an injunction; (2) have serious, perhaps irreparable consequences; and (3) can be effectively challenged only by immediate appeal. *Id.* at 1263.

With respect to the first prong of the test, the Plaintiffs argue that the appealed orders interpreted and clarified the Unitary Status Plan. Section 1292(a)(1) does not provide for jurisdiction over interlocutory appeals of orders interpreting, as opposed to modifying, consent decrees. *See Thompson v. Enomoto*, 815 F.2d 1323, 1327 (9th Cir. 1987) ("[J]urisdictional analysis under section 1292(a)(1) should focus on whether the interlocutory order . . . 'modifies' the consent decree."). "Whether an order modifies an existing injunction rather than merely interprets it depends on whether it substantially alters the legal relations of the parties." *Cunningham v. David Special Commitment Ctr.*, 158 F.3d 1035, 1037 (9th Cir. 1998); *see also Gon v. First State Ins. Co.*, 871 F.2d 863, 866

---

[1] The Plaintiffs argue that the Appointment Order is not injunctive at all, and thus "to the extent the challenged orders are claimed to modify the Appointment Order they are not appealable." The Plaintiffs' argument is not without merit. However, because the District's arguments on appeal concern how the Appointment Order and the Unitary Status Plan fit together, we decline to parse the extent to which the appealed orders are aimed at the Appointment Order versus the Unitary Status Plan. Instead, we treat those documents together as "a consent decree that has injunctive effects." *El Dorado*, 704 F.3d at 1265.

(9th Cir. 1989) (holding order modified, not clarified, injunction because it "substantially changed the terms and force of the injunction").

The District argues the appealed orders modified the Appointment Order and Unitary Status Plan by curtailing the District's right to object to the Special Master's reports and recommendations. We disagree. The Appointment Order was issued before the Unitary Status Plan. It set forth the minimum content to be included in the Unitary Status Plan, and it provided that the Special Master would file an initial report, annual status reports, and a final report. The objection procedure in Section V was designed for those reports. Whether and to what extent that procedure would be applicable to the reports and recommendations issued by the Special Master pursuant to the Unitary Status Plan was, at that time, unspecified.

Section I(D)(1) of the Unitary Status Plan sets forth a procedure for review of what the Special Master termed "Action Plans." The procedure provides that the Plaintiffs have 30 days to object to an Action Plan, followed by a 30-day voluntary resolution period. If disagreements remain at the end of that period, the Special Master prepares a report and recommendation for the district court.

The District argues Section I(D)(1) governs briefing prior to the filing of a report and recommendation, while Section V of the Appointment Order governs

briefing after the filing of a report and recommendation. This interpretation is inconsistent with language of the Unitary Status Plan, which contemplates a cohesive approach for responses to the Action Plans. It is also inconsistent with the request the District filed seeking authorization to respond to the University High School Report and Recommendation pursuant to Section I(D)(1).

The district court did not agree with the District's subsequent interpretation of the Appointment Order and Unitary Status Plan. Its orders clearly indicate that it intended to clarify the review provisions in Section I(D)(1) of the Unitary Status Plan, not curtail the parties' pre-existing rights under the Appointment Order. Given the district court's extensive experience with this case, we give deference to its reasonable interpretation of the Appointment Order and Unitary Status Plan. *Cf. Nehmer v. U.S. Dep't of Veterans Affairs*, 494 F.3d 846, 855 (9th Cir. 2007) ("'This court reviews de novo a district court's interpretation of a consent decree . . . but will give deference to the district court's interpretation based on the court's extensive oversight of the decree . . . . A court of appeals will uphold a district court's reasonable interpretation of a consent decree.'" (quoting *Nehmer v. Veterans' Admin. of Gov't of U.S.*, 284 F.3d 1158, 1160 (9th Cir. 2002)) (internal quotation marks omitted)).

5

Because the appealed orders do not substantially alter the parties'
relationship as set forth in the Appointment Order and Unitary Status Plan, the
District failed to satisfy the first prong of the *Carson* test, and this court does not
have jurisdiction under 28 U.S.C. § 1292(a)(1).  Moreover, the District failed to
satisfy the second prong of the *Carson* test as well.  The interpretation of the
Appointment Order and Unitary Status Plan is largely procedural in nature and
does not have serious, let alone irreparable, consequences for the District.  For this
reason also, we lack jurisdiction.[2]

We deny the District's alternative request that we grant relief in the form of
mandamus.  The Supreme Court has cautioned that mandamus "is a 'drastic and
extraordinary' remedy 'reserved for really extraordinary causes.'"  *Cheney v. U.S.
Dist. Court for D.C.*, 542 U.S. 367, 380 (2004) (quoting *Ex parte Fahey*, 332 U.S.
258, 259–60 (1947)); *accord Miller v. Gammie*, 335 F.3d 889, 895 (9th Cir. 2003)
(en banc).  To issue the writ, "'we must be firmly convinced that the district court
has erred.'"  *Hernandez v. Tanninen*, 604 F.3d 1095, 1099 (9th Cir. 2010) (quoting
*Cohen v. U.S. Dist. Court for N.D. Cal.*, 586 F.3d 703, 708 (9th Cir. 2009)).

---

[2]     Although we need not reach the third prong of the *Carson* test, we
seriously doubt the District could satisfy that prong either.

6

Here, after carefully reviewing the record, we find no clear error in the appealed orders or, more broadly, in the district court's management of this case. The district court reconsidered its initial decision not to allow briefing on the Special Master's reports and recommendations concerning Action Plans. The District clearly has the opportunity to file objections, which can include as attachments documents the District believes reflect its good faith efforts to comply with the Unitary Status Plan, if they are not included as part of the Special Master's submission.

Contrary to the District's arguments, the district court does not appear to be "rubber stamping" the Special Master's reports and recommendations. Rather, the record reflects that the district court has carefully reviewed the Special Master's recommendations, and the parties' positions, before ruling. We commend the district court for the attention it is giving to this time-consuming and challenging case, and we encourage the parties to work together to expeditiously implement the Unitary Status Plan.

The pending motions for judicial notice are **GRANTED.** The appeal is **DISMISSED.**