NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 2 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| COTTONWOOD ENVIRONMENTAL LAW CENTER, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> GREG GIANFORTE, in his official capacity as Governor of the State of Montana; DEB HAALAND, in her official capacity as Secretary of the Interior; CAM SHOLLY, in his official capacity as Park Superintendent, Yellowstone National Park; LEANNE MARTEN, in her official capacity as Regional Forester, U.S. Forest Service; NATIONAL PARK SERVICE; U.S. FOREST SERVICE; USDA-ANIMAL & PLANT HEALTH INSPECTION SERVICE, <br><br> Defendants-Appellees. | No. 20-36125 <br><br> D.C. No. 2:18-cv-00012-SEH <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Argued and Submitted February 11, 2022
Portland, Oregon

Before: PAEZ and NGUYEN, Circuit Judges, and EATON,[**] Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Cottonwood Environmental Law Center appeals the district court's orders dismissing the Governor of Montana and remanding consideration of the Interagency Bison Management Plan ("IBMP") to the National Park Service without vacatur. To the extent Cottonwood appeals the district court's remand, that decision is not a final order and we lack jurisdiction to review it. *See Alsea Valley All. v. Dep't of Com.*, 358 F.3d 1181, 1184 (9th Cir. 2004); *see also Pit River Tribe v. U.S. Forest Serv.*, 615 F.3d 1069, 1076 (9th Cir. 2010) (holding that order remanding and closing the case was non-final because the plaintiff would "have an opportunity to participate in the agencies' processes on remand" and "any decision by [the Court of Appeals] may prove entirely unnecessary"). We therefore dismiss that portion of the appeal.

Insofar as Cottonwood appeals the district court's decision to deny injunctive relief, we have jurisdiction under 28 U.S.C. § 1292(a)(1). *See Shee Atika v. Sealaska Corp.*, 39 F.3d 247, 248 (9th Cir. 1994). We previously held that the district court's order dismissing the Governor is not a final order and that we lack jurisdiction to review it directly. *See Cottonwood Env't L. Ctr. v. Bullock*, No. 20-35588 (9th Cir. Oct. 14, 2020). While that is still the case, the district court's denial of injunctive relief against the Governor is inextricably intertwined with its

---

**     Richard K. Eaton, Judge of the United States Court of International Trade, sitting by designation.

decision to dismiss the Governor. Therefore, we can review the dismissal order under our pendent appellate jurisdiction. *See Arc of Cal. v. Douglas*, 757 F.3d 975, 994 (9th Cir. 2014).

Reviewing the district court's denial of a preliminary injunction for abuse of discretion and its underlying legal conclusions de novo, *see CDK Glob. LLC v. Brnovich*, 16 F.4th 1266, 1274 (9th Cir. 2021), we affirm.

1. The district court properly dismissed the Governor as a defendant. Cottonwood's claims arise under the National Environmental Policy Act of 1969 ("NEPA"). "State actors may not be enjoined under NEPA simply because a state project involves major federal action." *Fund for Animals, Inc. v. Lujan*, 962 F.2d 1391, 1397 (9th Cir. 1992). Rather, they may be enjoined only if "federal and state projects are sufficiently interrelated to constitute a single 'federal action' for NEPA purposes." *Id.* (quoting *Friends of the Earth, Inc. v. Coleman*, 518 F.2d 323, 329 (9th Cir. 1975)).

The district court ruled that the Governor is not subject to and therefore may not be enjoined under NEPA because Montana agencies' participation in the IBMP does not render the State's bison management projects part of a single federal action. By not addressing this ruling in its briefs, Cottonwood has forfeited any contention of error. *See Barnes v. FAA*, 865 F.3d 1266, 1271 n.3 (9th Cir. 2017).

3

Cottonwood argues instead that the Governor is a proper defendant because "the Federal Government can control state activities on federal lands" under the Supremacy Clause of the U.S. Constitution. As a preliminary matter, Cottonwood did not make this argument in the district court; thus, the argument appears waived. Regardless, it is unavailing. No one disputes that "federal courts have the power to enjoin state officials for violations of federal statutes." *Fund for Animals*, 962 F.2d at 1397. But because the Governor is not subject to NEPA, he cannot be held liable for violating NEPA or enjoined pursuant to that statute. Thus, we affirm the district court's determination that the Governor is not a proper defendant.

2. Cottonwood contends that the district court should have granted its motion for a preliminary injunction and vacated a portion of the IBMP, thereby "enjoin[ing] the state and federal defendants from hazing Yellowstone bison while on federal lands." This is slightly different from the relief sought in the third amended complaint—an injunction without vacatur.[1] While the district court "has broad equitable power to remedy legal violations" through injunctive relief, *LA All. for Human Rights v. County of Los Angeles*, 14 F.4th 947, 961 (9th Cir. 2021), it "does not have the authority to issue an injunction based on claims not pled in the

---

[1] Cottonwood's counsel confirmed at oral argument that the two forms of relief differed.

complaint," *id.* at 957 (cleaned up) (quoting *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015)).

In the third amended complaint, Cottonwood asserted NEPA claims pursuant to section 706(1) and (2) of the Administrative Procedure Act, 5 U.S.C. § 706, but is no longer pursuing its section 706(2) claim. The district court granted the only relief Cottonwood sought—a remand to the agency to consider new information. *See Robertson v. Methow Valley Citizens Council*, 490 U.S. 332, 350 (1989) (explaining that NEPA "does not mandate particular results"); *Mount St. Helens Mining & Recovery Ltd. P'ship v. United States*, 384 F.3d 721, 728 (9th Cir. 2004) (holding that "§ 706(1) of the APA does not empower the district court to . . . order the agency to reach a particular result," even if the agency "unlawfully withheld or unreasonably delayed its decision"). The district court did not abuse its discretion by denying additional relief not requested in Cottonwood's complaint.[2]

The parties shall bear their own costs on appeal.

---

[2] Given our conclusion that no additional injunctive relief was warranted, we need not address Cottonwood's argument that the district court should have held an evidentiary hearing or made factual findings. In the event further district court proceedings become necessary, this matter need not be reassigned to a different judge "to preserve the appearance of justice." *United States v. Walker River Irrigation Dist.*, 890 F.3d 1161, 1173 (9th Cir. 2018) (quoting *United States v. Rivera*, 682 F.3d 1223, 1237 (9th Cir. 2012)). Judge Haddon did not make biased comments by paraphrasing relevant authority.

**DISMISSED in part; AFFIRMED in part.**