In re NATIONAL MORTGAGE EQUITY
CORPORATION MORTGAGE POOL
CERTIFICATES LITIGATION.

BANK OF AMERICA, et al.,
Plaintiffs–Appellees,

v.

NATIONAL MORTGAGE EQUITY
CORPORATION, et al.,
Defendants–Appellants.

No. 88–5923.

United States Court of Appeals,
Ninth Circuit.

Submitted May 9, 1988.

Unpublished Order Filed May 9, 1988.

Decided June 10, 1988.

Charles C. Wehner, Rodney M. Perlman and Karen A. Rooney, Wehner & Perlman, Los Angeles, Cal., for defendants-appellants National Mortg. Equity Corp. and David A. Feldman.

Alan D. Bersin, Susan E. Nash and Michael E. Soloff, Munger, Tolles & Olson, Los Angeles, Cal., for plaintiffs-appellees Bank of America N.T. and S.A.

Before HUG, BRUNETTI and NOONAN, Circuit Judges.

PER CURIAM:

On May 9, 1988, we issued an order dismissing this appeal for lack of jurisdiction, denying appellees' motion for sanctions, and declining to treat the appeal as a petition for a writ of mandamus. By this opinion, we state our reasons for doing so.

DISCUSSION

NMEC is not a stranger to this court. It has appealed four prior discovery orders issued by the district court in this multidistrict litigation on the ground that the information sought is privileged. *See e.g., In re National Mortgage Equity Corp. Mortgage Pool Certificate Litig.*, 821 F.2d 1422 (9th Cir.1987) (hereinafter *In re NMEC*). As in prior appeals, NMEC does not challenge the general rules that an order compelling discovery is not a final judgment under 28 U.S.C. § 1291 and that to attack a discovery order before final judgment in the case, the party seeking review must refuse to comply with the order and be found in contempt. *Id.* at 1423. NMEC contends, however, that this court has jurisdiction to review the discovery order at this time under the exception created by *Perlman v. United States*, 247 U.S. 7, 12–13, 38 S.Ct. 417, 419–20, 62 L.Ed. 950 (1918). We conclude that *Perlman* does not apply in the context of ongoing civil litigation.[1]

---

1. Unlike the prior appeals, however, this appeal has not become moot due to compliance with the discovery order. *See, e.g., In re NMEC*, 821 F.2d at 1424. NMEC filed an ex parte application for an order protecting certain attorney-client communications and documents in the

The *Perlman* rule has been formulated as providing a right of immediate appeal by a party aggrieved by a district court discovery order whenever the order requires a third party to produce evidence or documents and that third party can not be expected to go into contempt merely to create a final appealable order. *See, In re NMEC*, 821 F.2d at 1424. Focusing on the mere statement of the rule, NMEC contends that because Lord, Bissell, and Brook have stated their intention to comply with the order, the *Perlman* rule applies to create a final appealable order pursuant to 28 U.S.C. § 1291.

BACKGROUND

■ The underlying case in the district court is composed of a number of cases from the Northern and Central Districts of California that were consolidated for pretrial discovery and motions by the panel on multidistrict litigation. All cases concern the promotion and sale of mortgage pool certificates by National Mortgage Equity Corporation and David Feldman (collectively NMEC).

Appellee Bank of America (B of A) moved for an order requiring the Chicago law firm of Lord, Bissell, and Brook, which had represented NMEC from December, 1982, to November, 1984, to produce documents concerning the sale and promotion of the certificates. B of A claimed the crime-fraud exception abrogated the protection of the attorney-client privilege and work product doctrine. The magistrate to whom the motion was referred granted the motion, finding that B of A had made out a prima facie case of a scheme to defraud that was wholly pervasive through all of NMEC's activities. The order required Lord, Bissell, and Brook to produce all documents and communications that were related to the promotion and sale of mortgage pool certificates. The order allowed NMEC to submit any documents it felt were unrelated to the fraud or otherwise protected by the attorney client privilege to the magistrate for an in camera review and ruling prior to production. Judge Tashima

affirmed the order, stating that the magistrate's findings were "amply supported by the evidence" and that NMEC's evidence that no fraud was committed did not "detract from the substantial evidence of fraud."

NMEC filed a notice of appeal and an emergency motion for a stay pending appeal. We denied the emergency motion for a stay on May 4, and dismissed the appeal by order on May 9.

The problem with NMEC's argument is that it ignores both the justification for the rule and the case law construing it. The rule is designed to provide for review "where denial of immediate review would render impossible any review whatsoever of an individual's claim." *United States v. Ryan*, 402 U.S. 530, 533, 91 S.Ct. 1580, 1582, 29 L.Ed.2d 85 (1971). The classic application of the *Perlman* rule is where the aggrieved party's motion or petition is the only pending proceeding in any federal court. *See Eastland v. U.S. Servicemen's Fund*, 421 U.S. 491, 514, 95 S.Ct. 1813, 1827, 44 L.Ed.2d 324 (1975) (Marshall, J. concurring) (motion in district court to quash U.S. Senate subpoena directed at third party); *Go-Bart Importing Co. v. United States*, 282 U.S. 344, 356, 51 S.Ct. 153, 157–58, 75 L.Ed. 374 (1931) (no criminal case pending when motion made); *Burdeau v. McDowell*, 256 U.S. 465, 41 S.Ct. 574, 65 L.Ed. 1048 (1921) (same); *Perlman*, 247 U.S. 7, 38 S.Ct. 417, 62 L.Ed. 950 (1918) (same); *Goodman v. United States*, 369 F.2d 166, 168 (9th Cir.1966); (suit to compel return of property; no other proceeding pending); *Weldon v. United States*, 196 F.2d 874 (9th Cir.1952) (same); *Freeman v. United States*, 160 F.2d 69 (9th Cir.1946) (same).

■ The rule has also been applied to appeals from the issuance of subpoenas or orders to produce documents in grand jury proceedings. *See Gravel v. United States*, 408 U.S. 606, 608 n. 1, 92 S.Ct. 2614, 2619 n. 1, 33 L.Ed.2d 583 (1972); *In re Grand Jury Proceeding (Schofield)*, 721 F.2d 1221 (9th Cir.1983); *In re Grand Jury Subpoena*

possession of Lord, Bissell and Brook that had not yet been produced from discovery by the Northern District plaintiffs. As of the date of

our dismissal order the documents had not been available to those plaintiffs.

*Duces Tecam (Marger),* 695 F.2d 363 (9th Cir.1982); *In re Gren,* 633 F.2d 825 (9th Cir.1980); *Harris v. United States,* 413 F.2d 316 (9th Cir.1969). The reason for allowing review of such orders in the grand jury context is that there are aspects of independence from the main course of any prosecution that render the order collateral. *Carroll v. United States,* 354 U.S. 394, 403–04, 77 S.Ct. 1332, 1338, 1 L.Ed.2d 1442 (1957); *see also, Cogen v. United States,* 278 U.S. 221, 222, 225, 49 S.Ct. 118, 118–19, 119–20, 73 L.Ed. 275 (1929); *cf. Cohen v. Beneficial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). However, once an indictment is returned and a party makes a motion in the district of trial, the aspect of independence from an ongoing case is lost; the order is clearly interlocutory and not immediately appealable. *Carroll,* 354 U.S. at 404, 77 S.Ct. at 1338–39. We are persuaded that any aspect of independence is likewise lost in an ongoing civil case where a party is aggrieved by a district court discovery order. The essential character of any litigation over a discovery order and the circumstances under which the order is issued, as in this case, render it merely a step in the civil proceeding. *Id.* at n. 17. Moreover, any unfair use of the information or documents produced as a result of an improper order can be corrected on appeal from final judgment in the case. Denial of an immediate appeal does not "render impossible any review whatsoever." *Ryan,* 402 U.S. at 533, 91 S.Ct. at 1582. Thus, we conclude that the *Perlman* rule does not apply to render appealable discovery orders issued in an ongoing civil case.

NMEC requests that we consider the appeal as a petition for a writ of mandamus. We decline to do so. *See In re NMEC,* 821 F.2d at 1425. The appellees' have moved for sanctions. We have discretion to award just damages and single or double costs where an appeal is frivolous. Fed.R. App.P. 38; *Grimes v. Commissioner of Internal Revenue,* 806 F.2d 1451, 1454 (9th Cir.1986). We decline to do so.

The appeal is dismissed.