**In re NATIONAL MORTGAGE EQUITY CORPORATION MORTGAGE POOL CERTIFICATES SECURITIES LITIGATION.**

**No. MDL 647 AWT.**

United States District Court, C.D. California.

June 29, 1988.

Robert L. Winslow, Irell & Manella, Los Angeles, Cal., for Leslie W. Michael.

Charles C. Wehner, Wehner & Perlman, Los Angeles, Cal., for National Mortg. Equity Corp., David A. Feldman.

Melvyn H. Wald, Alan D. Bersin, Munger, Tolles & Olson, George W. Combe, Jr., John C. Fauvre, Bank of America, Legal Dept., Los Angeles, Cal., for Bank of America N.T. & S.A.

Alan W. Curtis, Newport Beach, Cal., for West–Pac Corp., Kent B. Rogers.

Henry J. Stein, Mesirov, Gelman, Jaffe, Cramer & Jamieson, Tampa, Fla., for First Federal Sav. & Loan Ass'n.

Gideon H. Schiller, Portman, Edwards, Cooper & Singer, Alan E. Popkin, Lawrence J. Fleming, Gregory K. Laughlin, Popkin & Stern, St. Louis, Mo., Richard Reinis, Reinis, Reinis & Blum, Los Angeles, Cal., for Missouri Sav. Ass'n, Ron Borgmann and Gerald Heitman.

Harvey Besunder, Cruser, Hills, Hills & Besunder, Riverhead, N.Y., for Riverhead Sav. Bank, F.S.B.

Charles Jarvis Murray, San Francisco, Cal., for West–Pac Corp.

George H. Link, Brobeck, Phleger & Harrison, Los Angeles, Cal., Robert P. Varian, Brobeck, Phleger & Harrison, San Francisco, Cal., for Wells Fargo Bank, National Ass'n, William Van Zile.

Kurt S. Melchior, Mark Joseph Kenney, Deborah A. Silodor, Severson, Werson, Berke & Melchior, San Francisco, Cal., for Lomas & Nettleton Co., successor to Advance Mortg. Corp.

John A. Donovan, Skadden, Arps, Slate, Meagher & Flom, Los Angeles, Cal., for Lord, Bissell & Brook.

Arthur J. Shartsis, Mary Jo Shartsis, Shartsis, Friese & Ginsburg, San Francisco, Cal., for First Federal Sav. & Loan Ass'n; Riverhead Sav. Bank, F.S.B.

Robert J. Yorio, Barbara Cray, McKenna, Connor & Cuneo, San Francisco, Cal., for Umpqua Sav. & Loan Ass'n.

William V. McTaggart, Parker, Milliken, Clark, O'Hara & Samuelian, Los Angeles, Cal., for Glacier General Assur. Co.

Richard A. Ardoin, Bronson, Bronson & McKinnon, San Francisco, Cal., for ME-BAC, Inc.

Styn & Garland, San Diego, Cal., for American Title Ins.

Stephen D. Holz, Musick, Peeler & Garrett, Los Angeles, Cal., for Andrea "Andy" Bennett, Com'r of Ins. for the State of Mont., As Liquidator of Glacier General Assur. Co.

Nona J. MacPherson, DeCastro, West, Chodorow & Burns, Los Angeles, Cal.

Julian S. Gould, Inc., A Professional Corp., Hollywood, Cal., for John Pennington.

Stephen B. Maseda, Anderson, Ablon, Maseda & Lewis, Los Angeles, Cal., for Stewart Title Guar. Co.

Carla M. Woehrle, Talcott, Lightfoot, Vandevelde, Woehrle & Sadowsky, Los Angeles, Cal., for Ben Adelman.

Annette Dordoni, Law Offices of Robert H. Bretz, Los Angeles, Cal., for George Ash.

Julian A. Pollok, Law Offices of Julian A. Pollok, Los Angeles, Cal., for William T. Powers.

Randall L. Hite, Santa Ana, Cal., for Energy Resources Inc., Marvin H. Weiss.

Floyd C. Anglin, Anaheim, Cal., in pro per.

George DeRoy, Hochman, Salkin & DeRoy, Beverly Hills, Cal., John C. Doubek, Small, Hatch, Doubek & Pyfer, Helena, Mont., for John C. Hayden.

Howard M. Loeb, Kelley, Drye & Warren, Los Angeles, Cal., Phil Toomey, Redondo Beach, Cal., for Manufacturers Hanover Trust Co. of California.

Arthur A. Greenberg, Greenberg & Bass, Encino, Cal., for Shirly E. Stahlman.

Thomas P. Phillips, Sonja A. Inglin, Robina L. Royer, Rodi, Pollock, Pettker, Galbraith & Phillips, Los Angeles, Cal., for John W. Smythe.

Thomas W. Crawford, David W. Reimann, Crawford Blasdell & Reimann, Los Angeles, Cal., for third-party defendant Pacific West Appraisal Co., Inc.

Alan P. Ribakoff, John S. West, Allred, Maroko, Goldberg & Ribakoff, Los Angeles, Cal., for Beverly E. Hegg.

Seth Hufstedler, Dennis M. Perluss, Evelyn Balderman Hutt, Hufstedler, Miller, Carlson & Beardsley, Los Angeles, Cal., for Bank of America employee-third-party and City Federal Sav. and Loan.

Benjamin J. Portugal, A Law Corp., Los Angeles, Cal., for William H. Taylor, Stephanie Taylor.

Gary L. Bostwick, Lee B. Ackerman, R. Lance Belsome, Bostwick & Ackerman, Santa Monica, Cal., for Eileen J. Smith.

Orville A. Armstrong, Baker & McKenzie, Los Angeles, Cal., for Robert H. Sherrett.

Frank Punelli, Jr., Karen A. Petersen, Davis & Punelli, Newport Beach, Cal., for Fidelity Sav. Ass'n.

Paul M. Dellamano, Torrance, Cal., for Wyndham W. Mooring.

Toomey, Artiano & Wohn, Redondo Beach, Cal., for Pat Stein Accnt./Pat Stein.

Walter G. Coppenrath, Jr., Daryl G. Parker, Mahoney & Coppenrath, Los Angeles, Cal., for John T.R. Gillespie, Maureen L. Gillespie.

Jerry W. Ellinghouse, Cappadona, Oldman, Grenert & Ellinghouse, Encino, Cal., for Windjammer Investors, 1977–A.

Harold S. Nelson, Newport Beach, Cal., for Trenholm Bartlett.

Craig Reynolds, Long Beach, Cal., pro se.

Frank A. Pace, Sr., San Gabriel, Cal., pro se.

Thomas E. Bandy, Bandy & Bandy, Walnut, Cal., for Robert K. Meeks.

Elliott Aheroni, Encino, Cal., for Clint Butcher.

Stuart L. Wallach, A Professional Corp., Orange, Cal., for Sandra Hobbs.

Berman & Clark, Stephen J. Hillman, Randall J. Kelley, Santa Monica, Cal., for 3rd Party Defts John Carr and Steve Smith.

David L. Gernsbacher, Gerald J. Miller, Lurie & Hertzberg, Beverly Hills, Cal., for Capital Accumulation Systems, Inc.

Thomas W. Crawford, David W. Reimann, Crawford Blasdell & Reimann, Los Angeles, Cal., for Pacific West Appraisal Co., Inc.

Chris A. Peterson, Long Beach, Cal., pro se.

Wayne A. McFadden, San Mateo, Cal., for Nathan and Dee Dee Ng.

Alan M. Mund, Los Angeles, Cal., for Edward Garcia and American Heritage Financial Corp.

A. James Robertson III, Howard, Rice, Memerovski, Canady Robertson & Falk, San Francisco, Cal., for Terry Olson.

Richard Jackson, Belger & Norris, Redondo Beach, Cal., for Mary Brown.

## MEMORANDUM OPINION AND ORDER

TASHIMA, District Judge.

These consolidated actions involve, *inter alia,* charges of fraud on a massive scale against National Mortgage Equity Corporation, its president David A. Feldman (collectively "NMEC"), Lord, Bissell & Brook and Leslie A. Michael (collectively "LBB"). NMEC was the originator, assembler, marketer and. (at times) servicer of a program to sell mortgage-backed certificates. *See National Mortgage Equity Corp. Mortgage Pool Certificates Sec. Litig.,* 636 F.Supp. 1138 (C.D.Cal.1986) (*"NMEC I"*), and *NMEC II,* 682 F.Supp. 1073 (C.D.Cal. 1987). During the period relevant to these actions, LBB was NMEC's attorneys, including at least during a portion of the period its attorneys on securities and securities offerings matters. Both client and attorney have been charged by numerous third-parties in these consolidated actions

with securities fraud and other wrongdoing.

LBB has long made known its belief that it has a right to disclose otherwise confidential attorney-client communications over the client's (NMEC's) objection to the extent necessary to LBB's self defense in these actions.[1] After the resolution of a number of other discovery disputes over an extended period, including a ruling that the crime or fraud exception to the attorney-client privilege has vitiated NMEC's invocation of the attorney-client privilege for a substantial portion of the period involved in this action, *see NMEC III*, 116 F.R.D. 297 (C.D.Cal.1987) (preliminary ruling on crime-fraud exception issue); *NMEC IV*, 849 F.2d 1166 (9th Cir.1988) (dismissing appeal), LBB informed NMEC of its intent to disclose certain privileged documents pursuant to the self defense exception. NMEC promptly moved for a protective order under F.R.Civ.P. 26(c), to prevent such disclosure.

Because of the need for a prompt ruling, at the hearing on the motion the Court denied the motion, holding that LBB, as attorneys charged with wrongdoing, were entitled under the self defense exception to disclose otherwise confidential attorney-client communications between it and NMEC, to the extent necessary to defend against such allegations.

Whether or not there is, or should be, a self defense exception to the attorney-client privilege in the circumstance here is a question of first impression in this Circuit.[2] For that reason, the Court deems it appropriate fully to explicate the reasons for its holding.[3]

■ The self defense exception lies at the congeries of two seemingly unrelated but important legal doctrines: the law of evidentiary privileges and the rules which govern the ethical conduct of lawyers. Because these consolidated cases invoke both federal and state claims, under F.R.Evid. 501, whether or not such an exception exists is an issue of federal law.[4] This issue also involves the ethical standards which govern the conduct of lawyers. With respect to the standards which govern such conduct, under Local Rule 2.5.1, members of the bar of this Court are bound to comply with the Rules of Professional Conduct of the State Bar of California. However, those rules contain no provision specifically governing an attorney's conduct in this area.[5] In such a situation, the Court may

---

**1.** This will be referred to as the "self defense exception" to the attorney-client privilege and includes the attorney's right to disclose confidential attorney-client communication where and to the extent necessary in defense of a civil charge of wrongdoing asserted by a third-party, *i.e.,* not the client.

**2.** *Sullivan v. Chase Inv. Serv.,* 434 F.Supp. 171, 188 (N.D.Cal.1977), recognized in *dicta* the existence of the self defense exception, but it was not at issue in the case. What was at issue there and what was decided was whether or not an attorney could be held liable as an aider and abettor under the Investment Advisers Act of 1940, 15 U.S.C. § 80b–1 *et seq.* A much narrower self defense exception has long been recognized. *See generally,* Levine, "Self–Interest or Self–Defense: Lawyer Disregard of the Attorney–Client Privilege For Profit And Protection," 5 Hofstra L.Rev. 783 (1977).

**3.** A brief oral explanation of the basis of the ruling was given at the time the ruling was made. To the extent this Memorandum Opinion is inconsistent therewith, this written opinion should be recognized as a more considered expression of the reasons for the ruling.

**4.** I have previously expressed myself on the considerations relevant to a determination of issues raised under the federal common law of privilege. *Wilkinson v. FBI,* 111 F.R.D. 432 (C.D.Cal. 1986).

**5.** The State Bar Act makes it a duty of an attorney, "To maintain inviolate the confidence, and at every peril to himself to preserve the secrets, of his or her client." Cal.Bus. & Prof.Code § 6068(e). However, no reported case has addressed the issue of whether a self defense exception is or should exist. *Cf. Commercial Standard Title Co. v. Superior Court,* 92 Cal.App.3d 934, 945, 155 Cal.Rptr. 393 (1979) (assuming without discussion that no self defense exception to § 6068(e) exists).

Cal.Evid.Code § 958 provides for a narrower self defense exception which does not reach this case: "There is no privilege under this article as to a communication relevant to an issue of breach, by the lawyer or the client, of a duty arising out of the lawyer-client relationship." However, this is a rule of evidence and not a Rule of Professional Conduct which, under Local Rule 2.5.1, applies to members of the bar of this Court.

look to the American Bar Association ("ABA") Model Rules of Professional Conduct (1983) (the "Model Rules") as an appropriate standard to guide the conduct of members of its bar. *See Securities Inv. Protection Corp. v. Vigman,* 587 F.Supp. 1358, 1362–63 (C.D.Cal.1984).

■ The leading case on this issue is *Meyerhofer v. Empire Fire & Marine Ins. Co.,* 497 F.2d 1190 (2d Cir.1974), *cert. denied,* 419 U.S. 998, 95 S.Ct. 314, 42 L.Ed.2d 272 (1975). *Meyerhofer* involved an attorney disqualification motion based on asserted wrongful disclosure of confidential information obtained from the client. The disclosure was made (successfully) in order to avoid being named as a defendant in a securities fraud action. The Second Circuit held that no ethical impropriety had been committed, including of Canon 4 of the Code of Professional Responsibility[6] because Disciplinary Rule 4–101(C)(4) permitted a lawyer to reveal "Confidences or secrets necessary ... to defend himself ... against an accusation of wrongful conduct." *Id.* at 1194–95.

As can be seen, *Meyerhofer* was not a privilege case, but involved attorney sanctions under the Disciplinary Rules for asserted improper professional conduct. The privilege issue was squarely confronted in *First Fed. Sav. & Loan Ass'n v. Oppenheim, Appel, Dixon & Co.,* 110 F.R.D. 557 (Mag.S.D.N.Y.1986). In a well reasoned opinion, the Magistrate held that an attorney, impleaded as a third-party defendant in a securities action by a third-party plaintiff other than the client had the right under the self defense exception to disclose without client consent, otherwise privileged attorney-client communications to the extent reasonably necessary to the attorney's defense. *Id.*

Another persuasive source, neither relied on nor discussed in *First Fed.,*[7] also strongly counsels in favor of recognizing the self defense exception.

Model Rule 1.6(b)(2) provides:

A lawyer may reveal such information [relating to representation of a client] to the extent the lawyer reasonably believes necessary:

(2) ... to establish a defense to a ... civil claim against the lawyer based upon conduct in which the client was involved, or to respond to allegations in any proceeding concerning the lawyer's representation of the client.

Earlier versions of Model Rule 1.6 would have limited the lawyer's right to disclose to disciplinary proceedings or to respond to allegations made by the client. ABA, The Legislative History of the Model Rules of Professional Conduct: Their Development in the ABA House of Delegates (ABA 1987) ("Legislative History of the Model Rules") at 50–51. The comment to Rule 1.6, as adopted, makes clear the lawyer's right to make disclosure in the circumstances which obtain here:

If the lawyer is charged with wrongdoing in which the client's conduct is implicated, the rule of confidentiality should not prevent the lawyer from defending against the charge. Such a charge can arise in a civil ... proceeding, and can be based ... on a wrong alleged by a third person; for example, a person claiming to have been defrauded by the lawyer and client acting together.

*Id.* at 54. *See also* Subin, "The Lawyer as Superego: Disclosure of Client Confidences to Prevent Harm," 70 Iowa L.Rev. 1091, 1135–44 (1985). Although the commentary does not speak directly to the relationship between Rule 1.6 and the attorney-client privilege, it does state: "Whether another provision of law supersedes Rule 1.6 is a matter of interpretation beyond the scope of these Rules, but a presumption should exist against suppression." *Cf. Wilkinson,* 111 F.R.D. at 438 (exclusionary rules and privileges to be strictly construed,

---

**6.** Canon 4 is, in substance, identical to Cal.Bus. & Prof.Code § 6068(e).

**7.** Of course, *Meyerhofer* was decided prior to the adoption of the Model Rules. Model Rule 1.6 is

mentioned only in connection with the "reasonably necessary" issue in *First Fed.,* 110 F.R.D. at 567.

*quoting Trammel v. United States,* 445 U.S. 40, 50, 100 S.Ct. 906, 912, 63 L.Ed.2d 186 (1980)).

The Court has been cited to no case decided since the seminal *Meyerhofer* case which, either on ethical or evidentiary grounds, disallowed invocation of the self defense exception to defend against third-party allegations of wrongdoing. *Meyerhofer, First Fed.* and Model Rule 1.6(b)(2) argue strongly for recognition of the self defense exception. The Court finds these authorities to be persuasive and agrees with *First Fed.* that the federal common law of privilege should recognize a self defense exception to the attorney-client privilege in the circumstances of these cases.

On the issue of the extent of the disclosure, both Model Rule 1.6(b) and its commentary recognize that "disclosure should be no greater than the lawyer reasonably believes is necessary to vindicate innocence...." Legislative History of the Model Rules at 54. *See also First Fed.,* 110 F.R.D. at 567 (applying Rule 1.6 standard). The Court has made an *in camera* review of the self defense materials and finds that their disclosure is reasonably necessary, *i.e.,* "as a practical matter, [the materials] seem likely to provide significant assistance to [the attorney's] defense." *Id.* The same standard applies to deposition testimony by members of LBB. *Id.*

■ In this regard, the Court rejects the suggestion made by some parties that "selective" disclosure should not be allowed, that if the exception is permitted to be invoked, *all* attorney-client communications should be disclosed. This suggestion is rejected as directly contrary to the reasonable necessity standard. The Court does agree that in order to avoid unfairness, all previously withheld communications which concern the same discrete subject matter (narrowly construed) as to which the self defense exception is invoked, should be disclosed. *See First Fed., id.* at 567 ("all documents pertaining to the communications at issue"); *cf. Weil v. Investment/Indicators, Research and Management, Inc.,* 647 F.2d 18, 24 (9th Cir.1981) (voluntary waiver of attorney-client privilege of a "communication" "constitutes waiver of the privilege as to all other such communications on the subject" [citations omitted]). LBB has represented that the group of documents to be disclosed under the self defense exception meets this criterion and the Court has no reason to take that representation at less than face value.

■ Finally, the Comment to Model Rule 1.6 indicates that, because disclosure should be no greater than necessary, "appropriate protective orders ... should be sought by the lawyer to the fullest extent practicable." The Court agrees with this suggestion. Therefore, an appropriate protective order shall issue limiting access to these materials to counsel for parties in the "Northern District" cases only. *See NMEC I,* 636 F.Supp. at 1143 n. 2. Because LBB has, at least tentatively, settled with the Bank of America, *see NMEC III,* 116 F.R.D. at 299 n. 2, no self defense disclosure is sought or is necessary in the Bank of America action.

IT IS ORDERED:

1. Pursuant to the self defense exception to the attorney-client privilege, LBB may disclose to all counsel of record in the Northern District cases, otherwise confidential attorney-client communication which LBB deems reasonably necessary to defend against said actions.

2. Disclosure of any attorney-client communication in self defense shall require that all such communications concerning the same discrete subject matter be disclosed.

3. All counsel to whom any disclosure is made pursuant to this order shall hold such disclosures (both documentary and testimonial) in confidence and not disclose the same to any third-person, including their clients, except:

(a) As and only to the extent necessary in the prosecution of any claim or in defense thereof in any of the Northern District cases.

(b) Any person to whom disclosure is made shall be informed of this protective

order and advised that he or she is bound by its terms.

4. Except to the limited extent granted above, NMEC's motion for a protective order is denied.