990 F.2d 1264
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
John Leon PLUMES, Defendant-Appellant.
 No. 92-30394.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 23, 1993.*
Decided April 2, 1993.
 
 Before WALLACE, Chief Judge, and FARRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John Leon Plumes, a federal prisoner, appeals pro se the district court's order directing former defense counsel to provide information pertaining to Plumes's claim of ineffective assistance of counsel asserted in his 28 U.S.C. § 2255 motion. Plumes contends that the district court erred by finding that he had waived the attorney-client privilege by making the ineffective assistance claim. We dismiss this appeal for lack of jurisdiction.
 
 
 3
 Generally, to attack a discovery order before final judgment, "the party seeking review must refuse to comply with the order and be found in contempt." In re Nat'l Mortg. Equity Corp. Mortg. Pool Cert. Litig., 857 F.2d 1238, 1239 (9th Cir.1988) (per curiam). The Perlman exception to this rule provides a right of immediate appeal where the discovery order requires a third party to produce evidence, and the third party cannot be expected to go into contempt merely to create a final appealable order. Id. at 1239-40 (citing Perlman v. United States, 247 U.S. 7, 12-13 (1918)).
 
 
 4
 The Perlman exception "is designed to provide for review 'where denial of immediate review would render impossible any review whatsoever of an individual's claim.' " Id. at 1240 (quoting United States v. Ryan, 402 U.S. 530, 533 (1971)). Accordingly, the exception applies "where the aggrieved party's motion or petition [to quash discovery] is the only pending proceeding in any federal court." Id. The Perlman exception also has been applied to appeals from grand jury subpoenas and orders to produce documents because grand jury proceedings are collateral to the "main course" of a criminal prosecution. Id. However, once an indictment is returned, a discovery order by the trial court is "clearly interlocutory and not immediately appealable." Id.
 
 
 5
 Similarly, there is no right of immediate appeal in a civil action from an order requiring a party's former counsel to produce documents. Id. This type of discovery order is merely a step in the civil proceeding, and any improper use of the documents can be corrected on appeal from final judgment. Id.
 
 
 6
 Here, the order directing former counsel to provide information is not collateral to the 28 U.S.C. § 2255 proceedings. See id. Moreover, any improper use of the information can be corrected on appeal from the district court's order deciding the section 2255 motion. See id. Accordingly, we do not have jurisdiction to review the district court's interlocutory order.
 
 
 7
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3