**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| IN RE: OPTICAL DISK DRIVE ANTITRUST LITIGATION, | No. 14-17502 |
| | D.C. No. 3:10-md-02143-RS |
| DELL INC.; DELL PRODUCTS, L.P.; HEWLETT-PACKARD COMPANY; INGRAM MICRO, INC.; SYNNEX CORPORATION; ACER AMERICA CORP.; GATEWAY, INC.; GATEWAY U.S. RETAIL, INC., FKA eMachines, Inc.; STATE OF FLORIDA, Office of the Attorney General, Department of Legal Affairs; AARON WAGNER; CHRIS JOHNSON; EVAN JACOBSON; LISA MELEGARI; BARNEY GOODMAN, JR.; BENJAMIN MURRAY; THOMAS STENGER; JAMES ITO-ADLER; SANDRA STEFFEN; ALEX BISSEN; BENJAMIN FABER; MATTHEW HOSKING; CINDY BOOZE; MATTHEW ENCE; EVAN RAVENELLE; MICHAEL REILLY; SUSIE LIM; ANGELA PRITCHARD; MIKE BISHOP; KIMBERLY WOOD; BENJAMIN PORTER; GAIL MURPHY; JOHN MCKEE, on behalf of themselves and all others similarly situated; JLK SYSTEMS GROUP, INC.; JEFF KOZIK; MEIJER, INC.; MEIJER DISTRIBUTION, INC.; PAUL NORDINE; SENECA DATA | OPINION |

DISTRIBUTORS, INC.; GREGORY
STARRETT; ASHLEY TREMBLAY, on
behalf of themselves and all others
similarly situated,
*Plaintiffs-Appellees*,

v.

TOSHIBA SAMSUNG STORAGE
TECHNOLOGY CORP. KOREA, as
Liaison Counsel for Defendants, et
al.,
*Defendants*,

and

JOHN DOE 1,
*Appellant*.

Appeal from the United States District Court
for the Northern District of California
Richard Seeborg, District Judge, Presiding

Argued and Submitted
July 6, 2015—San Francisco, California

Filed September 10, 2015

Before: Richard C. Tallman, Milan D. Smith, Jr.,
and Mary H. Murguia, Circuit Judges.

Opinion by Judge Milan D. Smith, Jr.

# SUMMARY[*]

## Discovery / Subpoenas

The panel affirmed the district court's denial of a motion to quash a civil subpoena to the Department of Justice, Antitrust Division, from plaintiffs in an antitrust suit against optical disk drive manufacturers.

The subpoena sought tape recordings and transcripts of conversations that included the movant, "John Doe," who was not a party to the antitrust suit. The FBI made these secret recordings two months before the grand jury issued a subpoena to Doe during a criminal investigation that preceded the antitrust suit.  Doe was an employee of one of the companies being investigated.

The panel held that the tape recordings were not protected by Federal Rule of Criminal Procedure 6(e) because they were not "matters occurring before the grand jury."  The panel declined to follow other circuits and adopt the "effect test," which requires a factual inquiry, on a document-by-document basis, to determine whether disclosure of a particular requested item will reveal some aspect of the inner workings of the grand jury.  In addition, Doe offered no evidence showing that the disclosure of the tape recordings would compromise the integrity of the grand jury's deliberative process.

---

[*] This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Sean F. O'Shea (argued) and Daniel M. Hibshoosh, O'Shea Partners LLP, New York, New York, for Interested Non-Party Appellant.

Jeff D. Friedman (argued) and Shana E. Scarlett, Hagens Berman Sobol Shapiro LLP, Berkeley, California; Steve W. Berman, Hagens Berman Sobol Shapiro LLP, Seattle, Washington; Guido Saveri, R. Alexander Saveri, and Cadio Zirpoli, Saveri & Saveri, Inc., San Francisco, California; Lee Gordon, Hagens Berman Sobol Shapiro LLP, Pasadena, California, for Indirect and Direct Purchaser Plaintiffs-Appellees.

Michael P. Kenny, Debra D. Bernstein, Rodney J. Ganske, and Andrew J. Tuck, Alston & Bird LLP, Atlanta, Georgia; James M. Wagstaffe, Kerr & Wagstaffe LLP, San Francisco, California, for Plaintffs-Appellees Dell Inc. and Dell Products L.P.

Daniel A. Sasse, Crowell & Moring LLP, Irvine, California; Beatrice B. Nguyen, Crowell & Moring LLP, San Francisco, California, for Plaintiffs-Appellees Hewlett-Packard Company, Ingram Micro Inc., and Synnex Corporation.

David B. Esau, Carlton Fields Jorden Burt, West Palm Beach, Florida, for Plaintiffs-Appellees Acer America Corp., Gateway, Inc., and Gateway U.S. Retail, Inc., FKA eMachines, Inc.

Daniel M. Wall, Belinda S. Lee, and Brendan A. McShane, Latham & Watkins LLP, San Francisco, California, for

Defendant Toshiba Samsung Storage Technology Korea Corporation.

Lizabeth A. Brady, Nicholas J. Weilharnmer, and R. Scott Palmer, State of Florida, Office of the Attorney General, Department of Legal Affairs, Tallahassee, Florida, for Plaintiff-Appellee State of Florida.

Christopher Ries, United States Department of Justice, Antitrust Division, San Francisco, California; Ila C. Deiss, United States Attorney's Office, San Francisco, California, for Non-Party United States Department of Justice, Antitrust Division.

---

**OPINION**

M. SMITH, Circuit Judge:

Interested Non-Party John Doe 1 (Doe) appeals from the district court's order denying his motion to quash a subpoena from Plaintiffs-Appellees Dell, Inc., et al. (Dell Plaintiffs)[1] to the Department of Justice, Antitrust Division (DOJ). As part of a criminal antitrust investigation into the optical disc drive industry,[2] the FBI made secret tape recordings and transcripts of conversations among various individuals, including Doe, an employee of one of the companies being investigated. Doe, who was initially designated as a subject of the grand jury investigation hearing for the potential antitrust case, was

---

[1] The plaintiffs in this case include Direct Purchaser Plaintiffs (DPPS), Indirect Purchaser Plaintiffs (IPPs) and Direct Action Plaintiffs (DAPs).

[2] The antitrust investigation is not the subject of this appeal.

not indicted. After the grand jury investigation concluded with corporate pleas and a settlement, the Dell Plaintiffs, in a collateral civil antitrust suit against certain optical disk drive manufacturers, subpoenaed the DOJ seeking "recordings of conversations" and "verbatim transcripts" relating to the DOJ's investigation of those manufacturers. The FBI had made the tape recordings two months before the grand jury issued its subpoena to Doe seeking his testimony. Doe moved to quash the subsequent civil subpoena pursuant to Federal Rule of Criminal Procedure 6(e), which prohibits disclosure of "a matter occurring before the grand jury." Fed. R. Crim. P. 6(e). Doe argued that no protective order would protect his interest in not having his identity and the content of those tapes revealed. The district court denied Doe's motion, concluding that Rule 6(e) did not apply because the recordings at issue are not "a matter occurring before the grand jury" within the definition of material protected by the rule. We agree, and hold that the tape recordings at issue in this case are not "matters occurring before the grand jury," and, therefore, are not protected by Rule 6(e). Doe contends erroneously that the district court abused its discretion by failing to apply the "effect test," which requires the court to "make a factual inquiry on a document-by-document basis" to determine "whether disclosure of a particular requested item will reveal some secret aspect of the inner workings of the grand jury." *United States v. Dynavac, Inc.*, 6 F.3d 1407, 1413 (9th Cir. 1993). We did not adopt the "effect test" in *Dynavac*, and we decline to do so now. Moreover, Doe has offered no evidence showing that the disclosure of the tape recordings would compromise "the integrity of the grand jury's deliberative process." *Id*. at 1414.

We affirm the decision of the district court.

## FACTUAL AND PROCEDURAL BACKGROUND

The Dell Plaintiffs served a subpoena on the DOJ requesting the production of secret tape recordings and transcripts of conversations that were part of an earlier, completed DOJ criminal antitrust investigation into the optical disc drive industry.  As required by the "*Touhy* regulations,"[3] the DOJ objected to the subpoena on a variety of grounds, including "to the extent it demands information that would violate the grand jury secrecy rule of Rule 6(e) of the Federal Rules of Criminal Procedure."  However, following negotiations, the DOJ agreed to produce the tapes to the Dell Plaintiffs under the terms of a protective order. Doe, who is not a party to the civil suit, intervened and sought to quash the subpoena that requested recordings and transcripts of conversations to which Doe was a party.  Doe argued that the subpoena "must be quashed because it purports to require the production of secret recordings of [] Doe that, irrespective of their specific contents, would seriously harm and possibly destroy his personal and professional reputation, and quite possibly deprive him of his livelihood."

Acting under an order of reference from the district court, the magistrate judge disagreed, and denied Doe's motion to quash, but issued an order stating that "the materials at issue (recordings) shall not be produced until an appropriate

---

[3] "[I]n determining whether production or disclosure should be made pursuant to a demand," DOJ officials "should consider" "[w]hether such disclosure is appropriate under the rules of procedure governing the case or matter in which the demand arose," and "[w]hether disclosure is appropriate under the relevant substantive law concerning privilege." 28 C.F.R. § 16.26(a)(1)–(2) (also known as the "*Touhy* regulations.").

supplemental stipulated protective order is signed." The magistrate judge rejected the argument "that just because an agent goes out and gets some evidence in an investigation, . . . it's grand jury material," concluding that Rule 6(e) did not apply to the subpoenaed material.

The district court affirmed the magistrate judge's decision, noting that "[a] district court will modify a magistrate judge's ruling on a non-dispositive matter only if the order is 'clearly erroneous' or 'contrary to law.'" Order Overruling Objections to Nondispositive Pretrial Order of Magistrate Judge Re Production of Recorded Conversations, *In Re Optical Disk Drive Antitrust Litigation*, No. 3:10-md-2143 RS, at 1 (N.D. Ca. December 19, 2014) (citation omitted). The court focused on "what constitutes 'grand jury materials' in the first instance," identifying as the key component, "matters occurring before the grand jury(.)" *Id*. at 2 (quoting *Sec. & Exch. Comm'n v. Dresser Indus., Inc.*, 628 F.2d 1368, 1382 (D.C. Cir. 1980)). The court held that "the record does not support a conclusion that the recordings in dispute constitute 'matters occurring before the grand jury' within the meaning of this rule" because "while it might be reasonable to assume that some or all of the recordings were presented to the grand jury, nothing in the subpoena seeks to discover what the grand jury actually did or did not have before it." The court further noted that "[p]roduction of all material responsive to the subpoena likewise would not establish that any or all of those materials were ever presented to the grand jury, much less shed light on its inner workings." *See Dynavac*, 6 F.3d at 1411–12. While the district court did not explicitly apply the "effect test," it did apply some of the "principles" of that test to the factual record before it, focusing on whether releasing the recordings

would reveal "some secret aspect of the grand jury's investigation."

Doe filed this timely appeal.

## JURISDICTION AND STANDARD OF REVIEW

We have jurisdiction over this appeal pursuant to *Perlman v. United States*, 247 U.S. 7, 13 (1918). "The *Perlman* rule has been formulated as providing a right of immediate appeal by a party aggrieved by a district court discovery order whenever the order requires a third party to produce evidence or documents and that third party cannot be expected to go into contempt merely to create a final appealable order." *In re Nat'l Mortg. Equity Corp. Mortgage Pool Certificates Litig.*, 857 F.2d 1238, 1240 (9th Cir. 1988). The district court's order in this case does not compel Doe to produce evidence, but the *Perlman* doctrine has been applied to situations like this one where a third party (e.g., Doe) must rely on another third party (e.g., the DOJ) to protect his interests in the discovery process. *See In re Grand Jury Subpoenas Dated Dec. 10, 1987*, 926 F.2d 847, 854 (9th Cir. 1991) ("Doe Three must rely on Doe Four to protect his interests. Doe Four, however, elected to comply with the subpoenas. The only way to assure Doe Three that his interests will be protected is to allow him to take an immediate appeal from the order denying his motion to quash the subpoenas.").

We will overturn the district court's denial of a motion to reconsider the magistrate judge's pretrial discovery order only if the denial was "clearly erroneous or contrary to law." *Osband v. Woodford*, 290 F.3d 1036, 1041 (9th Cir. 2002) (quoting 28 U.S.C. § 636(b)(1)(A)). Applying this standard,

"a reviewing court must ask whether, 'on the entire evidence,' it is 'left with the definite and firm conviction that a mistake has been committed.'" *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

## DISCUSSION

Doe contends that the district court abused its discretion by (1) failing to apply the "effect test" to determine whether the recordings were protected grand jury materials; (2) making unsupported factual findings about the circumstances underlying the creation and use of these recordings; and (3) abandoning its "supervisory role" under the Federal Rules of Criminal Procedure, and deferring to the DOJ's ultimate decision, "which has previously, and since, been contradicted by its own written statements," to produce the recordings called for by the subpoena. We disagree.

The district court's denial of Doe's motion to reconsider the magistrate judge's pretrial discovery order was not "clearly erroneous or contrary to law." Federal Rule of Criminal Procedure 6(e)(2)(B) prohibits "an attorney for the government" from "disclos[ing] a matter occurring before the grand jury." Doe argues erroneously that to determine what constitutes a "matter occurring before the grand jury," the district court should have applied the "controlling legal standard—the "effect test," which "determines whether disclosure of a particular requested item will reveal some secret aspect of the inner workings of the grand jury." *Dynavac*, 6 F.3d at 1413 (citing *In re Grand Jury Matter (Catania)*, 682 F.2d 61, 63 (3d Cir. 1982)). Doe further notes that "the district court applied an exception to Rule 6(e) allowing production of *pre-existing* documents created

independently of the grand jury process."   We have never adopted the "effect test," and we decline to do so now.  We acknowledge, however, as does Doe, that the pre-existing documents exception shares at least one characteristic of the "effect test" by focusing on whether "the integrity of the grand jury's deliberative process would . . . be compromised by . . . disclos[ing]" the pre-existing documents as a factor relevant to determining whether Rule 6(e) applies.  *Dynavac*, 6 F.3d at 1414.

In *Dynavac*, we identified "[v]arious different tests [that] have been utilized by other circuits," including the "effect test" adopted by the Third, Fourth, Seventh, Eighth, Tenth, and D.C. Circuits.  *Id*. at 1412.  We noted that "[i]n its strength lies its weakness . . . because . . . its application requires considerable judicial time and resources, and the ad hoc nature of the test limits the value of precedent for both litigants and courts."  *Id*. at 1413.  We never adopted the "effect test," concluding instead that the grand jury's deliberative process in that case would not be compromised by the disclosure of business records that predated the grand jury investigation.  *Id*. at 1414. Said differently, *Dynavac* does not require application of the "effect test," but it suggests that some of the considerations inherent in the "effect test" may be relevant to deciding whether the protections of Rule 6(e) apply to documents that pre-date a grand jury investigation.

While the "long-established policy of nondisclosure" in part "act[s] as a shield for those who are exonerated by the grand jury," the fundamental purpose of Rule 6(e) is

> "only to protect against disclosure of what is said or takes place in the grand jury room . . .

> it is not the purpose of the Rule to foreclose from all future revelation to proper authorities the same information or documents which were presented to the grand jury." *United States v. Interstate Dress Carriers, Inc.*, 280 F.2d 52, 54 (2d Cir. 1960). Thus, if a document is sought for its own sake rather than to learn what took place before the grand jury, and if its disclosure will not compromise the integrity of the grand jury process, Rule 6(e) does not prohibit its release.

*Dynavac*, 6 F.3d at 1411–12 (alteration in original). The subpoena at issue here seeks only to discover "recordings of conversations in which a present or former officer, director or employee of Defendant PLDS was one of the participants," not what took place before the grand jury. Indeed, as the district court noted, "Production of all material responsive to the subpoena . . . would not establish that any or all of those materials were ever presented to the grand jury, much less shed light on its inner workings." Because we have not adopted the "effect test" in our circuit, the district court properly focused its attention on the language of Rule 6(e), "the factual record" before it, and *Dynavac*'s emphasis on protecting the disclosure of grand jury processes.

Next, Doe argues that the district court made unsupported factual findings about the circumstances underlying the creation and use of the recordings. Doe contends that the district court erred in relying "on a narrow set of cases finding Rule 6(e) inapplicable to the production of *pre-existing* documents, which happened to have been shown to a grand jury." As an initial matter, we note that Doe's argument is premised on the faulty assertion, discussed *supra*,

that "despite finding an exception for pre-existing documents, those cases still hold that the required inquiry is the effect test."  In addition, Doe argues that "it is undisputed that the subpoenaed recordings were created for the grand jury investigation by a DOJ witness acting under the FBI's supervision," and that "these facts are a far cry from cases which permit the disclosure of pre-existing business records and other materials. . . ."  We disagree.

The mere fact that the subpoenaed recordings were created as part of a criminal investigation using a cooperating witness acting under the FBI's supervision does not automatically trigger Rule 6(e) protection.  "[M]atters occurring before the grand jury" could conceivably include "information obtained by a government official who, in pursuing an investigation that is not truly independent of the grand jury's inquiry, has become an agent of the grand jury." *United States v. Flemmi*, 233 F. Supp.2d 113, 115 (D. Mass. 2000); *see also In re Grand Jury Subpoena*, 103 F.3d 234, 238 (2d Cir. 1996). But that is not what occurred here.

The consensually recorded telephone conversation was authorized and occurred two months before the grand jury ever issued a subpoena in June 2009. It is even theoretically possible that a grand jury might never have been empaneled. As our sister circuits have recognized, "information developed by the FBI, although perhaps developed with an eye toward ultimate use in a grand jury proceeding, exists apart from and was developed independently of grand jury processes."  *Catania*, 682 F.2d at 64; *see also In re Grand Jury Investigation*, 630 F.2d 996, 1000 (3d Cir. 1980) ("The mere fact that a particular document is reviewed by a grand jury does not convert it into a 'matter occurring before the grand jury' within the meaning of Rule 6(e)."); *Sec. & Exch.*

*Comm'n v. Dresser Indus., Inc.*, 628 F.2d 1368, 1382 (D.C. Cir. 1980) ("[W]hen testimony or data is sought for its own sake for its intrinsic value in furtherance of a lawful investigation rather than to learn what took place before the grand jury, it is not a valid defense to disclosure that the same information was revealed to a grand jury.").

Rule 6(e)'s protections apply to a narrower set of materials than Doe suggests; indeed, "it is not the purpose of the Rule to foreclose from all future revelation to proper authorities the same information or documents which were presented to the grand jury." *Dynavac*, 6 F.3d at 1411 (quoting *Dress Carriers, Inc.*, 280 F.2d at 54). Doe has not demonstrated that the tape recordings and transcripts were a product of the grand jury's investigation, much less that their revelation would compromise the integrity of the grand jury's deliberative process. *See id*. at 1414.

Finally, Doe characterizes "[t]he district court's deference to DOJ's agreement to produce these materials" as "egregious given DOJ's own written statements making clear the privacy interests and applicability of Rule 6(e) to the subpoenaed materials." The district court properly exercised its discretion in concluding that the DOJ's initial objections to the subpoena, expressed in a letter, were not dispositive. The DOJ objected to the subpoena "to the extent it demands information that would violate the grand jury secrecy rule of Rule 6(e)[.]" The DOJ subsequently negotiated with the Dell Plaintiffs and "made clear . . . that it would not negotiate or discuss anything that was grand jury material." The parties then "reached an agreement on the general terms of production of the recordings and transcripts." The district court did not abuse its discretion in concluding that Rule 6(e) was not implicated by the production of the tape recordings

pursuant to a negotiated protective order in which Doe's counsel was invited to participate.

## CONCLUSION

We affirm the decision of the district court denying Doe's motion to quash the subpoena. The pending motion is denied as moot.

Each party shall bear its own costs on appeal.

**AFFIRMED.**