NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 28 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOHN NYPL,

          Plaintiff-Appellant,

  v.

JPMORGAN CHASE & CO.,

          Defendant-Appellee,

SIMON FOWLES,

     Real-party-in-interest-Appellee,

  v.

WELLS FARGO BANK, N.A.,

          Movant-Appellee.

No.   19-15293

D.C. No. 3:18-mc-80209-JCS

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
Beth Labson Freeman, District Judge, Presiding

Submitted April 16, 2020**
San Francisco, California

Before: HAWKINS and PAEZ, Circuit Judges, and RESTANI,*** Judge.

---

    \*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    \*\*     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

    \*\*\*     The Honorable Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

Appellant John Nypl ("Nypl") seeks review of the district court's order denying relief from a magistrate judge's order granting Appellee Wells Fargo Bank, N.A.'s ("Wells Fargo") motion to quash subpoena served by Nypl upon Appellee Simon Fowles ("Fowles") and denying Nypl's competing motion to compel. Because the derivative case is pending "in a district court of another circuit," we take jurisdiction of this interlocutory appeal pursuant to 28 U.S.C. § 1291. *See In re Subpoena Served on Cal. Pub. Utils. Comm'n*, 813 F.2d 1473, 1476 (9th Cir. 1987). After reviewing for an abuse of discretion, *see Premium Serv. Corp. v. Sperry & Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir. 1975), we affirm.

Nypl is the putative class representative in an antitrust action pending in the Southern District of New York alleging, among other things, that between December 2007 and January 2013, agents of certain domestic and foreign financial institutions, not including Wells Fargo, along with certain known and unknown co-conspirators, engaged in price-fixing and other anti-competitive practices relating to foreign exchange ("FX") rate trading by using covert chatrooms and coded language to conceal their unlawful conduct (the "*Nypl*" litigation). Fowles is a resident of the Northern District of California and was, prior to his termination in October 2017, the Executive Vice President of FX Trading at Wells Fargo in San Francisco. In April 2018, Fowles sued Wells Fargo for wrongful termination and retaliation in California state court, alleging principally that Wells Fargo terminated his

2

employment after he lodged internal concerns about Wells Fargo's handling of a transaction dating to August 2014 — a date outside the period relevant to the specific improprieties alleged in the *Nypl* litigation.

Relying solely upon the allegations in Fowles's publicly-filed complaint, Nypl believes California-based Fowles has information that may be relevant to the *Nypl* litigation in New York. Thus, Nypl subpoenaed Fowles for testimony as to *all* of the "reasons given" in support of his complaint and for *all* "documents, things, communications, and information that support his allegations, including notes, memoranda, or other documents." After unsuccessful litigation to compel compliance in the issuing court, Nypl served Fowles with the same subpoena anew in the Northern District of California. Wells Fargo and Nypl then filed dueling motions to quash and to compel in that district.

After a hearing, a magistrate judge concluded that the allegations in Fowles's complaint against Wells Fargo — a wrongful employment termination and retaliation dispute in California state court — are insufficient, without more, to show that Fowles has information that is relevant to the *Nypl* litigation — a federal class action antitrust suit in New York federal court. Accordingly, the magistrate judge granted Wells Fargo's motion to quash and denied Nypl's motion to compel. Thereafter, the district court denied Nypl's motion for relief, adopting the magistrate judge's factual determinations on relevance.

Whether the information sought in a discovery dispute is relevant to the underlying litigation is a "'fact-intensive'" inquiry that is "better suited to resolution by the district court than the court of appeals." *McLane Co., Inc. v. E.E.O.C.*, 137 S. Ct. 1159, 1168 (2017) (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 404 (1990)). Rigid, *per se* rules and formulae are thus ill-suited to this context. *See id.* (citing *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 387 (2008)). In view of these principles, we have long declined to "substitute our judgment for that of the trial judge" in adjudicating a pretrial discovery motion, unless the decision was "unusual and exceptional" and either "based on an erroneous conclusion of law" or "the record contains no evidence on which" the trial court "rationally could have based" its decision. *Premium Serv.*, 511 F.2d at 229. Similarly, a reviewing court will not disturb a district court's decision to deny relief from a magistrate judge's pretrial discovery order unless, "on the entire evidence, it is left with the definite and firm conviction that a mistake has been committed." *In re Optical Disk Drive Antitrust Litig.*, 801 F.3d 1072, 1076 (9th Cir. 2015) (internal citations and quotations omitted).

Nypl does not establish that the district court's decisions were unusual, exceptional, contrary to law, or based upon an implausible view of the record. To the contrary, Nypl's requests "were sweeping in nature, covering every [communication] touching on any relationship between" Fowles and Wells Fargo.

*Premium Serv.*, 511 F.2d at 229.  It was therefore reasonable to find that Nypl's need for untethered access to the requested information "was not sufficient to outweigh the burden and invasion" of Fowles's and Wells Fargo's privacy interests, "especially since they were not parties to the suit," and to determine that the subpoena sought irrelevant information.  *Id.*

**AFFIRMED.**