

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALYSSA JONES, | No. 20-15407 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-04612-GMS |
| ELLE FOSTER; et al., | |
| Appellants, | MEMORANDUM* |
| v. | |
| RIOT HOSPITALITY GROUP LLC, now known as Noatoz LLC; et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, Chief District Judge, Presiding

Submitted February 7, 2022**
Phoenix, Arizona

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: GRABER and MILLER, Circuit Judges, and FITZWATER,*** District Judge.

In this appeal from a March 4, 2020 discovery order, as amended on August 10, 2020 (collectively, the "Discovery Orders"), entered in ongoing litigation, we conclude that we lack appellate jurisdiction, and we dismiss the appeal.

I

After this appeal was docketed, the clerk of this court issued a show cause order noting that "[a] review of the record suggests that this court may lack jurisdiction over the appeal because the order challenged in the appeal may not be final or appealable." The order directed that "appellant shall move for voluntary dismissal of the appeal or show cause why the appeal should not be dismissed for lack of jurisdiction." After the parties filed memoranda addressing the jurisdictional issue, a panel of this court "discharged" the clerk of court's show cause order and set a briefing schedule.

After merits briefing commenced, defendants-appellees (collectively, "Appellees") filed a motion to dismiss for lack of jurisdiction. The parties then submitted briefing on the motion, which a motions panel of this court "denied without prejudice to renewing the arguments in the answering brief." Appellees now raise the jurisdictional challenge in their answering brief. Appellants argue in reply that this

*** The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

court has twice rejected jurisdictional challenges and that these rulings should stand.

The parties have also submitted letter briefs on the jurisdictional question.[1]

## II

1. The Discovery Orders are not appealable under 28 U.S.C. § 1292(a)(1).

Section 1292(a)(1) provides that "courts of appeals shall have jurisdiction of appeals

from: [i]nterlocutory orders of the district courts . . . granting, continuing, modifying,

refusing or dissolving injunctions . . . ." This court has held that § 1292(a)(1)

authorizes appellate jurisdiction over orders granting an injunction and orders that

have the practical effect of granting an injunction. *See Orange Cnty. v. Hongkong &*

*Shanghai Banking Corp.*, 52 F.3d 821, 825 (9th Cir. 1995); *Gon v. First State Ins. Co.*,

871 F.2d 863, 865 (9th Cir. 1989).

The Discovery Orders are not injunctions. An injunction has three elements:

---

[1]     Appellants point to the motions panel's decision to "discharge[]" the show cause order as supporting the conclusion that this court has appellate jurisdiction. We disagree. As a merits panel, we have a duty to assess our jurisdiction. *See Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1032 n.3 (9th Cir. 1990) (stating that, even when a motions panel has already ruled that the court has jurisdiction, a merits panel has an independent duty to determine its jurisdiction); *see also Sackett v. U.S. Envtl. Prot. Agency*, 8 F.4th 1075, 1082 n.4 (9th Cir. 2021) ("In an unpublished order, a motions panel denied the motion to dismiss without prejudice to EPA's renewing the argument in opposition . . . . That prior ruling does not eliminate the need for us to reassess this jurisdictional question."). Further, the motions panel discharged the show cause order without explicitly addressing the jurisdictional issue.

it is "an order that is directed to a party, enforceable by contempt, and designed to accord or protect some or all of the substantive relief sought by a complaint in more than temporary fashion." *Gon*, 871 F.2d at 865. The Discovery Orders do not satisfy the third element. In the district court, plaintiff seeks relief in the form of damages for certain alleged violations of federal and state law. Unlike in *Gon*, however, the Discovery Orders plainly do not award Appellants or Appellees the substantive relief they seek. *See id.* at 865–66. Rather, as in *In re Lorillard Tobacco Co.*, 370 F.3d 982 (9th Cir. 2004), the Discovery Orders preserve data that are relevant for trial—i.e., the orders "concern[] the conduct of the parties . . . while awaiting trial." *Id.* at 987 (ellipsis in original) (internal quotation marks omitted).

Nor do the Discovery Orders have the practical effect of granting an injunction. To determine whether an order has this effect, the court considers the following: "(1) does the order have the practical effect of the grant or denial of an injunction; (2) does the order have serious, perhaps irreparable consequences; and (3) is the order one that can be effectively challenged only by immediate appeal?" *Negrete v. Allianz Life Ins. Co. of N. Am.*, 523 F.3d 1091, 1097 (9th Cir. 2008) (internal quotation marks omitted).

The Discovery Orders do not satisfy the second element. Appellants filed affidavits discussing the harms they would face from being without their cell phones for hours while the data from the phones are being downloaded. But this type of

- 4 -

injury is insufficient to constitute irreparable injury because the harms described may be remedied by expending money to secure an alternate way to communicate during the short period they are without their cell phones. *See United States v. El Dorado Cnty.*, 704 F.3d 1261, 1265 (9th Cir. 2013) ("Mere injuries, however substantial, in terms of money, time and energy necessarily expended . . . are not enough" to show irreparable injury (ellipsis in original) (internal quotation marks omitted)).[2]

Further, assuming *arguendo* that the Discovery Orders meet the second element, they do not satisfy the third: that the Discovery Orders are "one[s] that can be effectively challenged only by immediate appeal." *Negrete*, 523 F.3d at 1097. A party or non-party can appeal a discovery order if she refuses to comply with the order and is held in contempt. *Bank of Am. v. Nat'l Mortg. Equity Corp.*, 857 F.2d 1238, 1239 (9th Cir. 1988) (per curiam). And Appellants can take an appeal from a later, final judgment in this case. *See id.* at 1240 ("[A]ny unfair use of the information or

---

[2]    To the extent Appellants contend that they will suffer irreparable harm to their Fourth Amendment privacy interests, we are unpersuaded. Litigants have made similar arguments under the collateral order doctrine, which the Supreme Court has rejected; indeed, it "routinely require[s] litigants to wait until after final judgment to vindicate valuable rights." *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 108–09 (2009) (attorney-client privilege); *see Richardson-Merrell, Inc. v. Koller*, 472 U.S. 424, 426 (1985) (disqualification of counsel in civil case); *Flanagan v. United States*, 465 U.S. 259, 260 (1984) (disqualification of counsel in criminal case). This suggests that Appellants would not suffer irreparable harm here, even if a violation of a valuable right is assumed.

documents produced as a result of an improper order can be corrected on appeal from final judgment in the case.")

2. Nor are the Discovery Orders appealable under the collateral order doctrine. Collateral orders are a "small category" of decisions that are immediately appealable despite not being final judgments. *Mohawk Indus., Inc*, 558 U.S. at 106. "That small category includes only decisions that are conclusive, that resolve important questions separate from the merits, and that are effectively unreviewable on appeal from the final judgment in the underlying action." *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 42 (1995). Discovery orders generally do not qualify under the collateral order doctrine. *See Admiral Ins. Co. v. U.S. Dist. Ct.*, 881 F.2d 1486, 1490 (9th Cir. 1989) ("Discovery orders are not final appealable orders under 28 U.S.C. § 1291, and courts have refused interlocutory review of such orders under the collateral order doctrine.").

The Discovery Orders do not satisfy the third element of a collateral order. As discussed, they are reviewable either after a final judgment or, if needed, after contempt sanctions are imposed.

**DISMISSED**.